## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

2006 JUL 13 PM 4: 37

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

PHILLIP WAYNE GROVE,           )
                                )
        Plaintiff           )
                                )
        v.           )           Cause No.:
                                )
FAST TEK GROUP, LLC, AGS           )
CAPITAL, INC., AGS CAPITAL, LLC, SAW   )   **1:06-cv-1069-LJM-WTL**
CAPITAL, LLC, ALAN G. SYMONS, and     )
SCOTT J. WEAVER           )
                                )
        Defendants.           )

# COMPLAINT

### COUNT I: MISLEADING AND INCOMPLETE DISCLOSURE
### (AS AGAINST FAST TEK GROUP, LLC)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count I of his Complaint against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

#### Statement of Jurisdiction

1.    Counts I, II and III of this Complaint are actions under the Securities Act of 1933, 15 U.S.C. Section 78j(b). Counts IV, V, and VI of this Complaint are actions under the Securities Exchange Act of 1934, 15 U.S.C. Section 78j(b) & 78jjj(c). Counts I through VI seek to redress unlawful acts and omissions in connection with the sale and purchase of securities. Count VII through Count XLII are pendent state actions which the plaintiff, Phillip Wayne Grove, respectfully requests that the Court exercise supplemental jurisdiction over pursuant to 28 U.S.C. Section 1367(a). Count XLIII of this Complaint is an action under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. Section 1161. Count XLIV is the jury trial request.

2.    This Court has jurisdiction over the Securities Act claims set forth in this Complaint by virtue of 15 U.S.C. Section 78aa and 28 U.S.C. Section 1331. This Court has jurisdiction over the COBRA claims

by virtue of 28 U.S.C. Section 1331 being that the COBRA claim is a Federal Question under the Federal laws of the United States.

3.   Venue is proper in this district under 28 U.S.C. Section 1391(b) and (c) because a substantial part of the events occurred in this District, and the defendants are doing business and reside in this district.

4.   In connection with the acts, conduct, omissions and other wrongs set forth in this Complaint, the defendants, directly and indirectly, used the means and instrumentalities of interstate commerce and the United States Mail.

### The Parties and the Securities

5.   FTG is an Indiana limited liability company with its principle office located at 9850 East 30th Street, Indianapolis, Marion County, State of Indiana 46229.

6.   FTG has maintained, or maintains or asserts that it maintains, offices in Tonawanda, Niagara County, New York (opened after September 18, 2003 and closed prior to September 2005); Indianapolis, Marion County, Indiana (additional office to its principle business location referenced in Paragraph 3 of this Complaint); Saginaw, Saginaw County, Michigan; Pontiac, Oakland County, Michigan (opened after September 18, 2003 and closed prior to November 2005); Edgewood, Harford County, Maryland; Oshawa, Province of Ontario, Canada (opened after September 18, 2003 and closed prior to August 2005); and, London, Province of Ontario, Canada (opened after September 18, 2003 and closed prior to July 2005).

7.   FTG was organized and originally issued its membership interest securities on the 14th day of August, 2003, and had more than one member on such date. The members of FTG, either pursuant to its original issue of membership interest or subsequent to such original issue and prior to the date of filing of this Complaint, included, without limitation, (i) AGS Capital, LLC, an Indiana limited liability company, (ii) SAW Capital, LLC, an Indiana limited liability company, (iii) Kocolene Marketing, LLC, an Indiana limited liability company, (iv) W. Andrew Denny, believed to be an Indiana resident, (v) Don Brown, believed to be an Indiana resident, (vi) Dr. Chris Velligan, a North Carolina resident, (vii) Greg Velligan, an Indiana resident, (viii) Jefferson W. Brougher Revocable Trust, an Indiana Trust, (ix) John E. Nichols Living Trust, an Indiana Trust, (x) Ron Foxcroft, a Canadian citizen and resident of Burlington, Province of Ontario, Canada, (xi) Bill Branastrator, an Indiana resident, (xii) Donald Bottamiller, an Indiana resident, (xiii) Donald Centers, an Indiana resident, and (xiv) Phillip Wayne Grove, an Indiana resident; provided, further, the listing of Kocolene Marketing, LLC as a member is now believed to have been a false statement of membership interest and participation in FTG.

2

8.  From the 14th day of August, 2003, through the 18th day of September, 2003 (the "Primary Offering Period"), FTG offered and sold membership interest to at least one non-affiliated investor.

9.  During the Primary Offering Period, FTG had at least one member who was not a resident of the State of Indiana.

10. FTG does not qualify for any exemption under Section 3(a) of the Securities Act of 1933 (the "33 Act"), nor does FTG qualify for a Rule 147 exemption under the 33 Act. The sale of a 25% membership interest in FTG to Grove does not qualify for a Section 4 transaction exemption under the 33 Act, and no rule or regulation of the commission, in accordance with Section 28 of the 33 Act, exempts FTG, the membership interest of FTG or the transaction described in this complaint from the registration requirements imposed by the 33 Act.

11. Rule 505 of the 33 Act has application to the sale of the membership interest securities sold by FTG during the Primary Offering Period. Based upon the "Investment Units" information disseminated to investors by FTG and its representatives, the aggregate securities offering did not exceed Five Million and/no Dollars ($5,000,000.00); and, based upon the Investment Units information, was comprised of not less than Two Hundred Fifty Thousand and/no Dollars ($250,000.00), in cash. A photocopy of the "Investment Units" information sheet is attached hereto and incorporated herein by reference as **Exhibit A**. The Investment Units information sheet is materially different than the statements of Scott J. Weaver that the fair market value of a 25% membership interest in FTG was Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00 US). The investment units information sheet and the statement of Scott Weaver are also both materially different than the statements of Jeffery Lance, acting as an agent of FTG and in the capacity of Vice President of Finance & Administration, who stated that the valuation on FTG resulted in a Five Million Five Hundred Thousand Dollars and Zero Cents ($5,500,000.00) fair market value, rendering the 25 % membership interest held by Grove worth One Million Three Hundred Seventy-five Thousand Dollars and Zero Cents ($1,375,000.00).

12. FTG has not furnished to Grove the information required by Rule 502(b) of the 33 Act; or, to the extent any document or information is alleged to constitute a Rule 502(b) disclosure, the document or information is and was insufficient and materially misleading.

13. Fast Tek, Inc. (the "Corporation"), was an Indiana corporation with its principle office located at 1025 West Lancaster Street, Bluffton, Wells County, State of Indiana 46714.

14.   The Corporation was duly incorporated and authorized to do business in the State of Indiana, with its date of incorporation being March 27, 1997.

15.   Commencing with the date of incorporation of the Corporation in continuing through the 1st day of January, 2002, the Corporation was owned by a single shareholder; specifically, Darryll Wayne Grove ("Wayne").

16.   On the 1st day of January, 2002, Grove acquired 49.90% of the common capital stock of the Corporation, leaving Wayne with 50.10% of the common capital stock of the Corporation.

17.   At no time did Grove transfer any personal goodwill to the Corporation, and at no time did Grove enter into any shareholder agreements with Wayne.

18.   Grove is, and at all relevant times has been, an Indiana resident residing at 560 Lane 105 Lake James, Angola, Steuben County, State of Indiana 46703.

19.   Grove was not and is not an "Accredited Investor" as defined by Section 2(a)(15) and Rule 501(a) of the 33 Act; and, Grove lacked and lacks the knowledge and experience in financial and business matters necessary to render him capable or have rendered him capable of evaluating the merits and risks of any prospective investment in FTG; and, finally, FTG could not have reasonably believed Grove had such knowledge and experience given, *inter alia*, the Instruction of Secrecy referenced in Paragraph 38 of this Count I of this Complaint.  The investment in FTG by Grove was based upon complex organizational, management, financial and incentive compensation structures which, especially in light of the Instruction of Secrecy, rendered Grove incapable of evaluating the merits and risks of his investment in FTG.

### The Business

20.   The principle business activity of the Corporation was to provide automotive manufacturers and their suppliers with sorting, inspection, re-work, containment, and related engineering services (the "Business").

21.   The customers of the Business were, and are, readily ascertainable from multiple public sources, including, without limitation, The Internet, The Wall Street Journal, Crain's Detroit Business, and The Automotive News.

4

22.     Despite the facile nature of customer identification in connection with the Business, the interpersonal relationships and individual competence of the representatives of the Corporation were instrumental in obtaining and maintaining "CS2" work from automotive manufacturers and their suppliers.

23.     The term "CS2" refers to the General Motors ("GM") process which mandates a supplier of GM to have a third party perform redundant inspections, at the supplier's cost, in an effort to protect GM from receiving faulty automotive components from its supply base. CS2 is an acronym for "Controlled Shipping Level 2". In January of 2002, GM developed an approved list of certified third parties to perform the CS2 process. The Corporation, Grove, and Wayne were engaged in the Business with GM at the time the CS2 certified list was implemented.  The Corporation by means of large financial investments and by use of Grove's goodwill, became one of the five original certified CS2 providers globally. GM, as referenced in this Complaint, refers to General Motors Corporation, traded on the New York Stock Exchange under Ticker Symbol GM, together with its "affiliates" as defined by Rule 144(a)(1) of the 33 Act.

24.     The Business of the Corporation was comprised of two distinct segments; (i) the providing of sorting, inspection, re-work and containment services to GM suppliers of parts and fittings under the authority of the CS2 certification, and (ii) providing sorting, inspection, re-work and containment services directly to GM and the GM supply base.

### The Proposed Deal

25.     On or about the 21st day of April, 2003, the Corporation executed a letter agreement with Indiana Business Resource, Inc., an Indiana corporation (the "Broker").

26.     The decision to list the Corporation for sale was precipitated by, *inter alia*, (i) the assertion of Federal Trust Fund Tax Liabilities (the "Federal Taxes") by the United States Department of the Treasury, Internal Revenue Service (the "IRS"), (ii) the past due, unpaid liability of the Corporation to TTSI Holding, Inc., d/b/a Temple Trucking Services and d/b/a Red Line Logistics, and (iii) the need to refinance or otherwise restructure the Wells Fargo Business Credit, Inc. Factoring Account secured by the accounts receivable of the Corporation.

27.     The Corporation rejected at least two (2) cash offers in favor of a proposed transaction with FTG.

28.     The LOI was prepared by the Broker at the direction of Alan G. Symons.

5

29.    Broker and Alan G. Symons had previously, on more than one occasion, utilized their relationship to direct potential acquisition targets to AGS Capital, LLC. ("AGS Corporate") or subsidiaries or affiliates of AGS Corporate.

30.    Broker acted through its agent and employee, Larry W. Metzing ("Metzing").

31.    Metzing is the Registered Agent and a principal of Broker.

32.    Metzing and Alan G. Symons were personal friends, shared positions on the same board (s) of directors and/or board (s) of advisors, and had a relationship of directing business opportunities from Broker to Alan G. Symons and his various corporate entities.

33.    Alan G. Symons, directly or indirectly, compensated Broker and Metzing for their efforts in directing business opportunities to Alan G. Symons and/or his various entities.

34.    In furtherance of the course of conduct between the Broker and Alan G. Symons, Broker communicated the instruction of Alan G. Symons that the ancillary documents, including, without limitation, certain employment agreements and consulting agreements, were not subject to change or negotiation, and that such ancillary documents should merely be revised to confirm names, addresses, dates and other non-substantive matters.

35.    The decision of the Corporation and Grove to accept the transaction and membership interest offered by FTG was based, in part, upon the Letter of Intent executed by the Corporation and FTG on or about the 4th day of August, 2003 (the "LOI"). A photocopy of the LOI is attached hereto and incorporated herein by reference as **Exhibit B**.

36.    Subsequent to the execution of the LOI, the Corporation and FTG executed a Memorandum of Understanding (the "MOU"). The MOU was executed on or about the 18th day of September, 2003. A photocopy of the MOU is attached hereto and incorporated herein by reference as **Exhibit C**.

37.    Contemporaneous with the execution of the LOI, a "Side Letter" was executed. A photocopy of the "Side Letter" is attached hereto and incorporated herein by reference as **Exhibit D**.

38.    Alan G. Symons and Scott J. Weaver, each and both, specifically instructed Grove that the Side Letter was not to be disclosed to any person, including, without limitation, any attorneys or certified public accountants engaged by Grove subsequent to the transaction (the "Instruction of Secrecy").

39.     Grove was subjected to veiled threats in connection with the Instruction of Secrecy.

40.     The Instruction of Secrecy impaired Grove's ability to obtain legal advice, tax and financial advice, and compromised the understanding of the overall transaction by Grove.

41.     The LOI, MOU and Side Letter (collectively, the "Transaction Documents") constitute an offering for sale of securities within the ambit of Rule 145(a) of the 33 Act.

### Misleading and Incomplete Disclosures

42.     FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with projections of future economic performance of FTG that had a reasonable basis and were presented in an appropriate format (including, without limitation, presented in accordance with Rule 175 of the 33 Act. Subsequent to the transaction which occurred on the 18th day of September, 2003, and as part of the continuing misinformation provided by FTG; Grove was provided the "Financial Summary" attached hereto and incorporated herein by reference as **Exhibit E** (the "Financial Summary").

43.     The Financial Summary fails to disclose material non-public information, including a Fifteen Thousand Dollar ($15,000.00) per month liability of FTG to AGS Capital, LLC; and, further fails to disclose the varying nature of the liability.

44.     The payments by FTG to AGS Capital constituted a fraud, and diverted the income, revenue and profits of FTG to AGS Capital; and, were contrary to the representations made to Grove in that AGS Capital failed to provide the marketing, management, accounting and other services contemplated.

45.     The Financial Summary further failed to disclose material non-public information relating to other benefits, payroll calculations, club memberships, expenses, perks and perquisites all of which are material and non-public and all of which comprise a part of the continuing fraud of FTG perpetrated upon Grove.

46.     FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with a statement of FTG, including, without limitation, its core business plan, financing alternatives, intentions and marketing strategy.

47.     FTG did provide, subsequent to the 18th day of September, 2003, a document entitled "Success Strategies" a copy of which is attached hereto and incorporated herein by reference as **Exhibit F**

("Success Strategies Document"). The Success Strategies Document continued the fraud perpetrated upon Grove by FTG through misinformation.

48.   The Success Strategies Document included false and misleading statements, including, without limitation, statements pertaining to (i) "in house transportation services", (ii) "website enhancement with customer ability to log into a secure area and download reports," (iii) expertise being brought to FTG, including capital, accounting, human resources, IT [referencing information technology] and management services, and (iv) the revision of pricing strategies and minimum net margin of 15% being generated on every project as well as the statement that "most projects will net a margin of 25% as hourly rates will often be three times actual burden cost for wages and expenses will run 25%, leaving 25% net profit."

49.   FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with a statement of risk factors.

50.   FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with a statement of business and properties.

51.   FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with a statement of offering price factors. Disclosure of the offering price factors to Grove by FTG would have made apparent the under-capitalization of FTG, especially given the diversion of income, revenue and profits by Alan G. Symons and Scott J. Weaver through management fees and excessive compensation, neither of which were related in any fashion to services or benefits to be provided to or actually provided to FTG.

52.   FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with a statement and accounting for the use of proceeds. Had such a statement and accounting for the use of proceeds been provided, it would have disclosed to Grove the under-capitalization of FTG as well as the material adverse effect of the diversion of income, revenue and profits of FTG to (i) AGS Capital, LLC, an Indiana limited liability company owned and controlled by Alan G. Symons ("AGSC"), and (ii) SAW Capital, LLC, an entity represented to Gove to be an Indiana limited liability company, but which was not duly organized with the Office of the Secretary of State for the State of Indiana, owned and controlled by Scott J. Weaver ("SAW").

53.   FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with a statement indicating the capitalization of FTG.

54.     FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with information and descriptions of the membership interests. The Operating Agreement, attached hereto and incorporated herein by reference as **Exhibit G** (the "Operating Agreement") of FTG was provided to Grove only on or about the 18th day of September, 2003.  As a result, Grove was unable to properly evaluate or understand the Operating Agreement due to, *inter alia*, the misinformation and omitted information pertaining to FTG, the misinformation and omitted information pertaining to the FTG securities and financial matters, and, most importantly, the inability of Grove to obtain advice of legal or accounting professionals due to the Instruction of Secrecy.

55.     FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with information and indications of any plans of distributions. The concealment of the AGSC and SAW management fees, as well as the concealment of the various perks and perquisites provided by FTG to Alan G. Symons and Scott J. Weaver constituted unlawful distributions and were a part of the fraud committed upon Grove by FTG.

56.     FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with an indication or history of dividends, distributions or redemptions of FTG membership interest.

57.     FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with a summary of officers and key personnel of FTG, including, without limitation, the amount of time each was to spend for the benefit of FTG.

58.     FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with information regarding the number of managers, whether such managers constituted outside managers, as well as other pertinent data.

59.     FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with a disclosure of the principle membership interest holders, including, without limitation, the (i) average price per unit of membership interest, (ii) the number of units of membership interest presently held, (iii) the number of units of membership interest which will exist after the offering is complete, and (iv) such other data as is necessary under the circumstances, including, without limitation, the actual membership interest beneficially owned by officers and managers of FTG as a group.

60.   FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with information and data in connection with the management relationships, transactions and remuneration to be paid, including, without limitation, the payments by FTG to AGSC and SAW.

61.   AGSC was and is a mere alter ego of Alan G. Symons, and AGSC performed no services for the benefit of FTG.

62.   SAW was and is a mere alter ego of Scott J. Weaver, and SAW performed no services for the benefit of FTG. Grove acknowledges Scott J. Weaver performed some services for FTG. To the extent payments to SAW were in exchange for Scott J. Weaver services, such payments are alleged to have been mis-booked and part of the misleading financial information provided to Grove.

63.   FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with a description of past, pending, or threatened litigation or administrative action, including, without limitation, the course of conduct of the principles of FTG in connection with acquisitions which systematically and consistently devolved into legal disputes with target entities.

64.   FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with actual or projected tax information, including, without limitation, benefits and risks of all tax consequences.

65.   FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with the financial statements for FTG. The financial statements should have provided, *inter alia*, audited balance sheets as of the end of the most recent fiscal year, audited statements of income, cash flows and changes in stockholders equity for each of the two fiscal years proceeding such date, interim financial statements, disclosures required and additional information as to content, and *pro-forma* financial information showing the effects of the acquisition of the Corporation by FTG.

66.   It was not until July of 2005 that Grove discovered FTG had failed to disclose material non-public information to Grove and the Corporation in connection with the Transaction Documents.

67.   The transactions contemplated by the Transaction Documents were accomplished through instrumentalities of interstate commerce, including, without limitation, the United States Mail, telephone calls, email communications, as well as bank wire transfer transactions.

68.    FTG repeatedly and affirmatively represented to Grove, through its representatives, including, without limitation, Alan G. Symons and Scott J. Weaver, that if the transactions contemplated by the Transaction Documents were consummated, FTG or an affiliate of FTG would assume, negotiate and fully pay and satisfy the obligations set forth in Paragraph 26 of this Complaint, together with the additional commitments and representations as set forth in the MOU.

69.    As part of the misleading information provided to Grove, the "Employment Agreement" executed by the parties on or about the 18th day of September, 2003, contained material representations and commitments which were false and misleading. The Employment Agreement is attached hereto and incorporated herein by reference as **Exhibit H** (the "Employment Agreement"). The materially false and misleading statements set forth in the Employment Agreement include, without limitation, (i) the annual salary being paid as a guaranteed payment, (ii) the outright failure of FTG to make either a wage or a guaranteed payment as required, (iii) payments of salary were not made to Grove on a biweekly basis, (iv) Grove's title of Chief Operating Officer included duties and responsibilities that Grove was not permitted to perform, (v) Grove was placed in a position of Vice President of Sales and Marketing in violation of the Employment Agreement, (vi) the violations of the Employment Agreement circumvented Grove's right to earn additional ownership in FTG or expand his agreed upon leadership role, (vii) the failure and refusal of FTG to permit Grove to act as Chief Operating Officer and undertake the duties and responsibilities contemplated by the Employment Agreement also frustrated the ability of Grove to achieve the bonus compensation contemplated by the Employment Agreement, (viii) Grove was not permitted to participate in any management committee or board of managers/directors meetings nor participate in any of the decision making contrary to the Employment Agreement, (ix) Grove's health insurance was unilaterally terminated in contravention of the Employment Agreement, (x) Grove was reprimanded for using vacation time to assist in the parenting and health care responsibilities directly related to the birth of a child in contravention of the Family Medical Leave Act, and (xi) Grove has not received his severance compensation.

70.    FTG failed to, at a reasonable time prior to the sale of securities or at any time prior to the filing of this Complaint, provide Grove with such other information required by law, statute, rule, regulation or policy reasonable or necessary for Grove to make an informed investment decision.

71.    The misleading and incomplete disclosures set forth in this Count I of this Complaint were material, since any seller of assets or business, including Grove, would wish to be fully informed about each and every omitted matter pertinent to the consideration to be paid for such assets -- including membership interest in the purchasing entity.

11

72.     Grove was unaware of the falsity of the representations or of the omissions.

73.     Grove was unaware of the non-disclosure of non-public material facts by FTG.

74.     Grove's ability to inform himself, even if possible, of the misleading and incomplete disclosures was
        impeded and utterly frustrated by the Side Letter, the Instruction of Secrecy and the conduct of Alan G.
        Symons and Scott J. Weaver.

75.     FTG did each of the before mentioned with the intent to defraud and deceive Grove.

76.     Grove would not have entered into the transactions contemplated by the Transaction Documents had full
        disclosure of all material facts, including, without limitation, those items set forth in this Count I of this
        Complaint, had been made by FTG to Grove.

77.     The exact amount of the loss incurred by Grove has not yet been ascertained, and is estimated to exceed
        Ten Million Dollars ($10,000,000.00).

### *Prayer for Relief*

78.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court
        to enter a judgment in his favor and against the defendant, Fast Tek Group, LLC, an Indiana limited
        liability company, which judgment should include, without limitation, the following, *to wit:*

        a.     A judgment declaring the conduct of Fast Tek Group, LLC, to be in violation of law as set forth
               in this Complaint; and,

        b.     A judgment awarding rescission to Phillip Wayne Grove under Section 12(a)(2) of the 33 Act as
               a result of the unlawful conduct described in this Complaint; and,

        c.     A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained
               as a result of the unlawful conduct of Fast Tek Group, LLC; and,

        d.     A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees,
               expert witness fees, together with interest and costs of this suit; and,

        e.     Such other relief as the Court may deem just and proper in the premises.

## COUNT II: MISLEADING AND INCOMPLETE DISCLOSURE
## (AS AGAINST ALAN G. SYMONS)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count II of his Complaint and against Alan G. Symons, an Indiana resident alleges and says:

1.    Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count II of his Complaint.

2.    Alan G. Symons personally acted, omitted or orchestrated such actions and omissions as are alleged under Count I of this Complaint.

3.    Alan G. Symons was under a duty to disclose to Grove any and all material non-public information in his possession at the time Grove purchased membership interest in FTG.

4.    Alan G. Symons, directly or indirectly controlled FTG.

5.    Alan G. Symons is liable, to the same extent as FTG, pursuant to Section 20(a) of the 34 Act.

6.    The exact amount of the loss incurred by Grove has not yet been ascertained, and is estimated to exceed Ten Million Dollars ($10,000,000.00).

### *Prayer for Relief*

7.    *WHEREFORE*, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court to enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

a.    A judgment declaring the conduct of Alan G. Symons to be in violation of law as set forth in this Complaint; and,

b.    A judgment awarding rescission to Phillip Wayne Grove under Section 12(a)(2) of the 33 Act as a result of the unlawful conduct described in this Complaint; and,

c.     A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the unlawful conduct of Alan G. Symons; and,

d.     A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and costs of this suit; and,

e.     Such other relief as the Court may deem just and proper in the premises.

## COUNT III: MISLEADING AND INCOMPLETE DISCLOSURE
### (AS AGAINST SCOTT J. WEAVER)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count III of his Complaint and against Scott J. Weaver an Indiana resident alleges and says:

1.     Grove hereby incorporates the allegations of rhetorical Paragraphs 1 through 77 of Count I by reference as this rhetorical Paragraph 1 of this Count III of his Complaint.

2.     Scott J. Weaver personally acted, omitted or orchestrated such actions and omissions as are alleged under Count I of this Complaint.

3.     Scott J. Weaver was under a duty to disclose to Grove any and all material non-public information in his possession at the time Grove purchased membership interest in FTG.

4.     Scott J. Weaver, directly or indirectly controlled FTG.

5.     Scott J. Weaver is liable, to the same extent as FTG, pursuant to Section 20(a) of the 34 Act.

6.     The exact amount of the loss incurred by Grove has not yet been ascertained, and is estimated to exceed Ten Million Dollars ($10,000,000.00).

### *Prayer for Relief*

7.     *WHEREFORE*, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court to enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

a.   A judgment declaring the conduct of Scott J. Weaver to be in violation of law as set forth in this Complaint; and,

b.   A judgment awarding rescission to Phillip Wayne Grove under Section 12(a)(2) of the 33 Act as a result of the unlawful conduct described in this Complaint; and,

c.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the unlawful conduct of Scott J. Weaver; and,

d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and costs of this suit; and,

e.   Such other relief as the Court may deem just and proper in the premises.

## COUNT IV:
## VIOLATION OF SECTION 10(b) OF THE 1934 SECURITIES EXCHANGE ACT
## AND RULE 10b-5
## (AS AGAINST FAST TEK GROUP, LLC)

*COMES NOW,* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count IV of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.   Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count IV of his Complaint.

2.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference is this rhetorical paragraph 2 of this Count IV of his Complaint.

3.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count IV of his Complaint.

4.   On or about the 18th day of September, 2003, pursuant to the Transaction Documents, Grove purchased 25% of the membership interest of FTG.

5.   Grove's purchase of the FTG membership interest was negotiated by and on behalf of Alan G. Symons and Scott J. Weaver. At all relevant times, Alan G. Symons and Scott J. Weaver were in control of FTG, and acted as its authorized representatives.

6.   Grove's purchase of the FTG membership interest was accomplished through instrumentalities of interstate commerce, including, without limitation, the United States Mail, telephone calls, email, and bank wire transfer transactions.

7.   In July of 2005, Grove discovered that FTG, Alan G. Symons and Scott J. Weaver, inclusive, failed to disclose material non-public information to Grove in connection with Grove's purchase of the FTG membership interest.

8.   The material non-public information which FTG, Alan G. Symons and Scott J. Weaver failed to disclose to Grove included, without limitation, the intention of closing multiple out of state offices, the omission of the excessive perks and perquisites to be filtered out of FTG for the benefit of individual members, and the falsity of statements by Scott J. Weaver that the fair market value of Grove's 25% membership interest in FTG was Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00 US), the failure to disclose the significant undercapitalization of FTG, the failure to disclose the intent or substantial risk that creditors (including, further, without limitation, those creditors identified in the MOU) would be unpaid, the failure to disclose the relationship between Metzing and Alan G. Symons, the failure to disclose the questionable legality of the Side Letter which was exacerbated by the Instruction of Secrecy, the errors in the Financial Summary, the failure to disclose the perks to be afforded individual members, the false nature of the Success Strategies Document, the failure to disclose the beneficial owners of purported third party entities which were siphoning off cash from FTG, the failure to provide financial statements in accordance with generally accepted accounting principles (GAAP) and the requirements of the 33 Act, the failure to disclose the history of litigation and failed transactions, the failure to provide a statement of benefits and risks of tax elections, and the existence of an attorney-client relationship between attorney Marcus Chandler (formerly Chandler Leagre, now with Barnes & Thornburg) and Alan G. Symons.

9.   The non disclosed, material, non-public information was of a character that any purchaser of a membership interest in FTG would wish to be fully informed about such information prior to acquiring a membership interest in FTG or making a decision regarding any investment whatsoever in FTG.

10.     The sale of FTG membership interest to Grove was accomplished by FTG, Alan G. Symons and Scott J. Weaver through the employment of devices, schemes, and artifices of fraud.

11.     The sale of FTG membership interest to Grove was accomplished with the intent to defraud and deceive Grove.

12.     In connection with the sale of the membership interest in FTG to Grove, FTG, Alan G. Symons and Scott J. Weaver made untrue statements of material fact and omitted to state material facts necessary in order to make other specified statements, in light of the circumstances under which they were made, not misleading.

13.     Grove was unaware of the falsity of the representations and unaware of the non disclosure of non-public material facts by FTG, Alan G. Symons and Scott J. Weaver.

14.     Grove believed there was a full disclosure of all material facts, which belief was not true.

15.     The course of conduct in which FTG, Alan G. Symons and Scott J. Weaver engaged operated, and was intended to operate, as a fraud and deceit upon Grove in connection with the purchase of FTG membership interest by Grove.

16.     Had Grove been aware of the matters set forth in this Complaint, Grove would not have entered into any agreement, would not have consummated any aspect of the Transaction Documents, and would not have purchased a 25% membership interest in FTG.

17.     The exact amount of the loss incurred by Grove has not yet been ascertained, and is estimated to exceed Ten Million Dollars ($10,000,000.00).

### *Prayer for Relief*

18.     *WHEREFORE*, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court to enter a judgment in his favor and against the defendant, Fast Tek Group, LLC, an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

    a.   A judgment declaring the conduct of Fast Tek Group, LLC to be in violation of law as set forth in this Complaint; and,

b.   A judgment awarding rescission to Phillip Wayne Grove under Section 12(a)(2) of the 33 Act as a result of the unlawful conduct described in this Complaint; and,

c.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the unlawful conduct of Fast Tek Group, LLC; and,

d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and costs of this suit; and,

e.   Such other relief as the Court may deem just and proper in the premises.

**COUNT V:**
**VIOLATION OF SECTION 10(b) OF THE 1934 SECURITIES EXCHANGE ACT**
**AND  RULE 10b-5**
**(AS AGAINST ALAN G. SYMONS)**

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count V of his Complaint and against Alan G. Symons, an Indiana resident, alleges and says:

1.   Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count V of his Complaint.

2.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count V of his Complaint.

3.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count V of his Complaint.

4.   Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count V of his Complaint.

5.   The conduct of Alan G. Symons constitutes a violation of Section 10(b) of the 34 Act and Rule 10b-5 of the 34 Act, and Alan G. Symons is liable, to the same extent as FTG, pursuant to Section 20(a) of the 34 Act.

6.     The exact amount of the loss incurred by Grove has not yet been ascertained, and is estimated to exceed Ten Million Dollars ($10,000,000.00).

### *Prayer for Relief*

7.     **WHEREFORE**, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court to enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

  a.   A judgment declaring the conduct of Alan G. Symons to be in violation of law as set forth in this Complaint; and,

  b.   A judgment awarding rescission to Phillip Wayne Grove under Section 12(a)(2) of the 33 Act as a result of the unlawful conduct described in this Complaint; and,

  c.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the unlawful conduct of Alan G. Symons; and,

  d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and costs of this suit; and,

  a.   Such other relief as the Court may deem just and proper in the premises.

### COUNT VI:
### VIOLATION OF SECTION 10(b) OF THE 1934 SECURITIES EXCHANGE ACT
### AND RULE 10b-5
### (AS AGAINST SCOTT J. WEAVER)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count VI of his Complaint and against Scott J. Weaver an Indiana resident alleges and says:

1.     Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count VI of his Complaint.

2.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count VI of his Complaint.

3.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count VI of his Complaint.

4.     Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count VI of his Complaint.

5.     The conduct of Scott J. Weaver constitutes a violation of Section 10(b) of the 34 Act and Rule 10b-5 of the 34 Act, and Scott J. Weaver is liable, to the same extent as FTG, pursuant to Section 20(a) of the 34 Act.

6.     The exact amount of the loss incurred by Grove has not yet been ascertained, and is estimated to exceed Ten Million Dollars ($10,000,00.00).

### *Prayer for Relief*

7.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court to enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

       a.   A judgment declaring the conduct of Scott J. Weaver to be in violation of law as set forth in this Complaint; and,

       b.   A judgment awarding rescission to Phillip Wayne Grove under Section 12(a)(2) of the 33 Act as a result of the unlawful conduct described in this Complaint; and,

       c.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the unlawful conduct of Scott J. Weaver; and,

       d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and costs of this suit; and,

       e.   Such other relief as the Court may deem just and proper in the premises.

## COUNT VII: SECURITIES FRAUD UNDER INDIANA CODE SECTION 23-2-1-12
## (AS AGAINST FAST TEK GROUP, LLC)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count VII of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count VII of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count VII of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count VII of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count VII of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count VII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count VII of his Complaint.

7.      The sale of a 25% membership interest in FTG to Grove constituted a sale of securities under Indiana law.

8.      Pursuant to Indiana Code Section 23-2-1-12, "…it is unlawful for any person in connection with the offer, sale or purchase of any security either directly or indirectly, (1) to employ any device, scheme or artifice to defraud, or (2) to make any untrue statements of material fact or to omit to state a material fact necessary in order to make the statements made in the light of the circumstances under which they are made not misleading, or (3) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person."

9.      The schemes and conduct of FTG described in this Complaint constitute a violation of Indiana Code Section 23-2-1-12(1).

10.   The fraudulent misrepresentations or omissions made by FTG and described in this Complaint constitute a violation of Indiana Code Section 23-2-1-12 (2).

11.   The course of business of FTG described in this Complaint constitutes a violation of Indiana Code Section 23-2-1-12(3).

12.   The exact amount of the loss incurred by Grove has not yet been ascertained, and is estimated to exceed Ten Million Dollars ($10,000,000.00).

### *Prayer for Relief*

13.   ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court to enter a judgment in his favor and against the defendant, Fast Tek Group, LLC, an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

   a.   A judgment declaring the conduct of Fast Tek Group, LLC to be in violation of law as set forth in this Complaint; and,

   b.   A judgment awarding rescission to Phillip Wayne Grove under Indiana Code Section 23-2-1-19(a) as a result of the unlawful conduct described in this Complaint; and,

   c.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the unlawful conduct of Fast Tek Group, LLC; and,

   d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and costs of this suit; and,

   f.   Such other relief as the Court may deem just and proper in the premises.

### COUNT VIII: SECURITIES FRAUD UNDER INDIANA CODE SECTION 23-2-1-12 (AS ALAN G. SYMONS)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count VIII of his Complaint and against Alan G. Symons, an Indiana resident alleges and says:

1.     Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count VIII of his Complaint.

2.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count VIII of his Complaint.

3.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count VIII of his Complaint.

4.     Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count VIII of his Complaint.

5.     Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count VIII of his Complaint.

6.     Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count VIII of his Complaint.

7.     Grove hereby incorporates the allegations of rhetorical paragraph 7, 8, 9, 10 and 11 of Count VII by reference as this rhetorical paragraph 7 of this Count VIII of his Complaint.

8.     Alan G. Symons is liable to Grove for the violations of Indiana Code Section 23-2-1-12 because FTG was a mere artifice of fraud, and alter ego of Alan G. Symons, and maintained no separate economic reality other than to filter fraudulently obtained assets, in whole or in part, back to Alan G. Symons.

9.     Alan G. Symons is liable to Grove under Indiana Code Section 23-2-1-19, since Grove is the person who acquired the 25 % membership interest in FTG.

10.    The 25 % membership interest in FTG acquired by Grove constituted an unregistered sale.

11.    The 25% membership interest in FTG acquired by Grove was the result of a successful solicitation by Alan G. Symons.

12.    Alan G. Symons was in control of FTG at the time Grove acquired the 25% interest in FTG.

13.   Alan G. Symons materially aided the conduct creating liability, or, alternatively, actually engaged in the conduct creating liability, to the extent the liability emanates from the sale of a 25% membership interest in FTG to Grove.

14.   Alan G. Symons was a member, manager, officer, agent, and controlling person with regard to FTG, prior to, at the time of, and subsequent to the sale of the 25% membership interest in FTG to Grove.

15.   Alan G. Symons had full knowledge of the conduct alleged in this Count VIII of this Complaint.

16.   The conduct of Alan G. Symons being alleged by Grove in this Count VIII of this Complaint constituted material assistance which had a natural tendency to influence, or was capable of influencing, the decision of Grove to acquire the 25% membership interest in FTG.

17.   Correspondence exchanged between counsel prior to the initiating of this lawsuit constitutes the requisite tender under Indiana Code Section 23-2-1-19 (a), and, to the extent such tender has not been fully and completely made, such tender may be made either to the court or at any time prior to the entry of judgment.

18.   The exact amount of the loss incurred by Grove has not yet been ascertained, and is estimated to exceed Ten Million dollars ($10,000,000.00).

### *Prayer for Relief*

19.   ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court to enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

   a.   A judgment declaring the conduct of Alan G. Symons to be in violation of law as set forth in this Complaint; and,

   b.   A judgment awarding rescission to Phillip Wayne Grove under Indiana Code Section 23-2-1-19(a) as a result of the unlawful conduct described in this Complaint; and,

   c.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the unlawful conduct of Alan G. Symons; and,

   d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and costs of this suit; and,

e.   Such other relief as the Court may deem just and proper in the premises.

## COUNT IX: SECURITIES FRAUD UNDER INDIANA CODE SECTION 23-2-1-12
## (AS SCOTT J. WEAVER)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count IX of his Complaint and against Scott J. Weaver, an Indiana resident alleges and says:

1.   Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count IX of his Complaint.

2.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count IX of his Complaint.

3.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count IX of his Complaint.

4.   Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count IX of his Complaint.

5.   Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count IX of his Complaint.

6.   Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count IX of his Complaint.

7.   Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of county VII by reference as this rhetorical paragraph 7 of this count IX of his complaint.

8.   Scott J. Weaver is liable to Grove for the violations of Indiana Code Section 23-2-1-12 because FTG was a mere artifice of fraud, and alter ego of Scott J. Weaver, and maintained no separate economic reality other than to filter fraudulently obtained assets, in whole or in part, back to Scott J. Weaver.

9.      Scott J. Weaver is liable to Grove under Indiana Code Section 23-2-1-19, since Grove is the person who acquired the 25 % membership interest in FTG.

10.     The 25 % membership interest in FTG acquired by Grove constituted an unregistered sale.

11.     The 25% membership interest in FTG acquired by Grove was the result of a successful solicitation by Scott J. Weaver.

12.     Scott J. Weaver was in control of FTG at the time Grove acquired the 25% interest in FTG.

13.     Scott J. Weaver materially aided the conduct creating liability, or, alternatively, actually engaged in the conduct creating liability, to the extent the liability emanates from the sale of a 25% membership interest in FTG to Grove.

14.     Scott J. Weaver was a member, manager, officer, agent, and controlling person with regard to FTG, prior to, at the time of, and subsequent to the sale of the 25% membership interest in FTG to Grove.

15.     Scott J. Weaver had full knowledge of the conduct alleged in this Count VIII of this Complaint.

16.     The conduct of Scott J. Weaver being alleged by Grove in this Count VIII of this Complaint constituted material assistance which had a natural tendency to influence, or was capable of influencing, the decision of Grove to acquire the 25% membership interest in FTG.

17.     Correspondence exchanged between counsel prior to the initiating of this lawsuit constitutes the requisite tender under Indiana Code Section 23-2-1-19 (a), and, to the extent such tender has not been fully and completely made, such tender may be made either to the court or at any time prior to the entry of judgment.

18.     The exact amount of the loss incurred by Grove has not yet been ascertained, and is estimated to exceed Ten Million dollars (10,000,000.00).

### *Prayer for Relief*

19.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court to enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

26

a. A judgment declaring the conduct of Scott J. Weaver, LLC to be in violation of law as set forth in this Complaint; and,

b. A judgment awarding rescission to Phillip Wayne Grove under Section 12(2) of the 33 Act as a result of the unlawful conduct described in this Complaint; and,

c. A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the unlawful conduct of Scott J. Weaver; and,

d. A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and costs of this suit; and,

e. Such other relief as the Court may deem just and proper in the premises.

## COUNT X: BREACH OF CONTRACT
### (AS AGAINST FAST TEK GROUP, LLC)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count X of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1. Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count X of his Complaint.

2. Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count X of his Complaint.

3. Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count X of his Complaint.

4. Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count X of his Complaint.

5. Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count X of his Complaint.

6.     Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count X of his Complaint.

7.     Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count X of his Complaint.

8.     Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count X of his Complaint.

9.     Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count X of his Complaint.

10.    The transactions set forth in the Transaction Documents have not been consummated and the conditions set forth in the Transaction Documents have not been fulfilled by FTG, including, without limitation, the following:

a.     Failure of FTG to pay the remaining funds in the factoring account toward guaranteed payments or into the Receivables Account (defined in (c) of this sub-part) as required by the MOU, specifically, Grove states that

(i)     The Corporation had established a Wells Fargo Business Credit, Inc, Factoring Account (the "Factoring Account") prior to September 2003,

(ii)    Management and ownership of the Factoring Account was taken over by FTG on September 18, 2003,

(iii)   On September 18, 2003 the Factoring Account was secured by $419,078.89 of receivables plus additional billings of $61,058.36 for a total of $480,137.25 of receivables owned by Corporation and secured by the Factoring Account,

(iv)    On September 18, 2003 the amount of $338,034.97 had been drawn by the Corporation against the receivables secured by the Factoring Account leaving $81,043.92 available,

(v)     Subsequent to September 18, 2003 and prior to July 2005, receivables of the Corporation in the amount of $461,668.58 was paid into the Factoring Account,

(vi)    The amount of $123,633.31 ($461,668.58 less $338,034.97) was to be applied against the "guaranteed debts" (as defined in the MOU) or paid to Grove,

(vii)   None of the monies set forth in the preceding paragraph were applied against the guaranteed debts (as defined in the MOU) or paid to Grove,

(viii)  The first priority lien against the assets of the Corporation was obtained by FTG from Wells Fargo Business Credit, Inc. on or about November 11, 2003,

(ix)    The obtaining of the first priority lien against the assets of the Corporation by FTG was intentionally fraudulent as against Grove, the creditors of the Corporation, and the identified guaranteed debts including the IRS; and,

b.     Failure of FTG, by virtue of the litigation pending in the Hamilton Superior Court 3 under Cause Number 29-D-03-0508-PL-0891, to release Grove, Nicole Grove and Wayne Grove from the non-solicitation covenant and covenant not to compete set forth in their respective employment agreements and consulting agreements as required at Paragraph 14 of the MOU; and,

c.     The receivables account discussed at Paragraph 4 of the MOU was established at Fifth-Third Bank, N.A. (the "Receivables Account"), however none of the monies required by Paragraph 4 of the MOU were deposited into the Receivables Account; and,

d.     Failure to satisfy the Internal Revenue Service (the "IRS") tax warrant and lien.

11.   FTG has failed and refused to cure its various breaches of the Transaction Documents, which failure and refusal has continued after written demand.

12.     FTG is liable to Grove for all his losses incidental to the contract breach.

***Prayer for Relief***

13.     **WHEREFORE**, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, LLC, an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

     a.     A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the contractual breach; and,

     b.     A judgment invalidating the Employment Agreement; and,

     c.     A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

     d.     Such other relief as the Court may deem just and proper in the premises.

**COUNT XI: FRAUD**<br/>**(AS AGAINST FAST TEK GROUP, LLC)**

**COMES NOW** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XI of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.     Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XI of his Complaint.

2.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XI of his Complaint.

3.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XI of his Complaint.

4.     Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XI of his Complaint.

30

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XI of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XI of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XI of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XI of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this count XI of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11, and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XI of his Complaint.

11.     The statements made by FTG, through its agents, including, without limitation, Alan G. Symons and Scott J. Weaver were material statements of fact.

12.     The statements made by FTG, through its agents, including, without limitation, Alan G. Symons and Scott J. Weaver were false.

13.     The statements made by FTG, through its agents, including, without limitation, Alan G. Symons and Scott J. Weaver, were made intentionally or in reckless ignorance of their falsity.

14.     The statements made by FTG, through its agents, including, without limitation, Alan G. Symons and Scott J. Weaver, were relied upon by Grove in proceeding with executing the documents on September 18, 2003.

15.     As a result of the false statements made by FTG, through its agents, including, without limitation, Alan G. Symons and Scott J. Weaver, Grove has suffered injury, which includes, without limitation, the losses referenced in Count I through Count X of this Complaint, as well as a significant loss of business opportunity and damage to his personal goodwill by virtue of the litigation pending under Cause Number 29D03-0508-PL-0891 in the Hamilton Superior Court 3.

### *Prayer for Relief*

16. ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, LLC, an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

    a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XI; and,

    b.      A judgment in an additional amount which is sufficient to punish and deter Fast Tek Group, LLC, an Indiana Limited Liability Company, from further acts of fraud; and,

    c.      A judgment invalidating the Employment Agreement; and,

    d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

    e.      Such other relief as the Court may deem just and proper in the premises.

### COUNT XII: FRAUD
### (AS AGAINST ALAN G. SYMONS)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XII of his Complaint and against Alan G. Symons, an Indiana resident alleges and says:

1.     Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XII of his Complaint.

2.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XII of his Complaint.

3.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XII of his Complaint.

4.     Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XII of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XII of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XII of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XII of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11, and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XII of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 Count XI by reference as this rhetorical paragraph 11 of this Count XII of his Complaint.

12.     The statements made by Alan G. Symons were material statements of fact.

13.     The statements made by Alan G. Symons were false.

14.     The statements made by Alan G. Symons were made intentionally or in reckless ignorance of their falsity.

15.     The statements made by Alan G. Symons were relied upon by Grove in proceeding with executing the documents on September 18, 2003.

16.     As a result of the false statements made by Alan G. Symons, Grove has suffered injury, which includes, without limitation, the losses referenced in Count I through Count X of this Complaint, as well as a significant loss of business opportunity and damage to his personal goodwill by virtue of the litigation pending under Cause Number 29D03-0508-PL-0891 in the Hamilton Superior Court 3.

*Prayer for Relief*

17.   ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

    a.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the contractual breach; and,

    b.   A judgment in an additional amount which is sufficient to punish and deter Fast Tek Group, LLC, an Indiana Limited Liability Company, from further acts of fraud; and,

    c.   A judgment invalidating the Employment Agreement; and,

    d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

    e.   Such other relief as the Court may deem just and proper in the premises.

## COUNT XIII: FRAUD
## (AS AGAINST SCOTT J. WEAVER)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XIII of his Complaint against Scott J. Weaver, an Indiana resident alleges and says:

1.   Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XIII of his Complaint.

2.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XIII of his Complaint.

3.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XIII of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XIII of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XIII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XIII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XIII of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XII of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XII of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11, and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XII of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 Count XI by reference as this rhetorical paragraph 11 of this Count XII of his Complaint.

12.     The statements made by Scott J. Weaver were material statements of fact.

13.     The statements made by Scott J. Weaver were false.

14.     The statements made by Scott J. Weaver were made intentionally or in reckless ignorance of their falsity.

15.     The statements made by Scott J. Weaver were relied upon by Grove in proceeding with executing the documents on September 18, 2003.

16.     As a result of the false statements made by Scott J. Weaver, Grove has suffered injury, which includes, without limitation, the losses referenced in Count I through X of this Complaint, as well as a significant

loss of business opportunity and damage to his personal goodwill by virtue of the litigation pending under Cause Number 29D03-0508-PL-0891 in the Hamilton Superior Court 3.

### *Prayer for Relief*

17.   ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

   a.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the contractual breach; and,

   b.   A judgment in an additional amount which is sufficient to punish and deter Fast Tek Group, LLC, an Indiana Limited Liability Company, from further acts of fraud; and,

   c.   A judgment invalidating the Employment Agreement; and,

   d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

   e.   Such other relief as the Court may deem just and proper in the premises.

### COUNT XIV: CONSTRUCTIVE FRAUD
### (AS AGAINST FAST TEK GROUP, LLC)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XIV of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG"), alleges and says:

1.   Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XIV of his Complaint.

2.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XIV of his Complaint.

3.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XIV of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XIV of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XIV of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XIV of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XIV of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XIV of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XIV of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XIV of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XIV of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XIV of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XIV of his Complaint.

14.     FTG, both as an Indiana entity and as an issuer of securities, owed a duty to Grove to disclose all non public information pertinent to the issuance and sale of the 25% membership interest in FTG being sold to Grove.

15.     FTG violated its duty to Grove by failing to disclose the non public information.

16.     Grove, relying upon the absence of any disclosure by FTG, proceeded with the acquisition of a 25%
        membership interest in FTG.

17.     As a result, Grove has been damaged.

18.     FTG has gained an advantage at Grove's expense by, *inter alia,* engaging in the Business, seeking to
        enforce the restrictive covenants set forth in the employment agreement against Grove, and engaging in
        the activities set forth in Count XXVI, *supra*, of this Complaint.

### *Prayer for Relief*

19.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court
        enter a judgment in his favor and against the defendant, Fast Tek Group, LLC, an Indiana limited
        liability company, which judgment should include, without limitation, the following, *to wit:*

        a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained
                as a result of the Conduct described in this Count XI; and,

        b.      A judgment in an additional amount which is sufficient to punish and deter Fast Tek Group,
                LLC, an Indiana limited liability company, from further acts of fraud; and,

        c.      A judgment invalidating the Employment Agreement; and,

        d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees,
                expert witness fees, together with interest and cost of this suit; and,

        e.      Such other relief as the Court may deem just and proper in the premises.

### COUNT XV: CONSTRUCTIVE FRAUD
### (AS AGAINST ALAN G. SYMONS)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of
counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this
Count XV of his Complaint and against Alan G. Symons, an Indiana resident alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference
        as this rhetorical paragraph 1 of this Count XV of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XV of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XV of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XV of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XV of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XV of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraph 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XV of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XV of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XV of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraph 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XV of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XV of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XV of his Compliant.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XV of his Compliant.

14.   Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XV of his Compliant.

15.   Alan G. Symons, as a controlling person, agent and an issuer of securities, owed a duty to Grove to disclose all non public information pertinent to the issuance and sale of the 25% membership interest in FTG being sold to Grove.

16.   Alan G. Symons violated his duty to Grove by failing to disclose the non public information.

17.   Grove, relying upon the absence of any disclosure by Alan G. Symons, proceeded with the acquisition of a 25% membership interest in FTG.

18.   As a result, Grove has been damaged.

19.   Alan G. Symons, directly and indirectly through AGS, has gained an advantage at Grove's expense by, *inter alia,* engaging in the Business, seeking to enforce the restrictive covenants set forth in the employment agreement against Grove, and engaging in the activities set forth in Count XXVI, *supra*, of this Complaint.

### *Prayer for Relief*

20.   ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

   a.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XV; and,

   b.   A judgment in an additional amount which is sufficient to punish and deter Alan G. Symons, an Indiana resident, from further acts of fraud; and,

   c.   A judgment invalidating the Employment Agreement; and,

   d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

   e.   Such other relief as the Court may deem just and proper in the premises.

## COUNT XVI: CONSTRUCTIVE FRAUD
## (AS AGAINST SCOTT J. WEAVER)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XVI of his Complaint and against Scott J. Weaver, an Indiana resident alleges and says:

1.    Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XVI of his Complaint.

2.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XVI of his Complaint.

3.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XVI of his Complaint.

4.    Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XVI of his Complaint.

5.    Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XVI of his Complaint.

6.    Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XVI of his Complaint.

7.    Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XVI of his Complaint.

8.    Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XVI of his Compliant.

9.    Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XVI of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XVI of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XVI of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XVI of his Compliant.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XVI of his Compliant.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XVI of his Compliant.

15.     Scott J. Weaver, as a controlling person, agent and an issuer of securities, owed a duty to Grove to disclose all non public information pertinent to the issuance and sale of the 25% membership interest in FTG being sold to Grove.

16.     Scott J. Weaver violated his duty to Grove by failing to disclose the non public information.

17.     Grove, relying upon the absence of any disclosure by Scott J. Weaver, proceeded with the acquisition of a 25% membership interest in FTG.

18.     As a result, Grove has been damaged.

19.     Scott J. Weaver, directly and indirectly through AGS, has gained an advantage at Grove's expense by, *inter alia,* engaging in the Business, seeking to enforce the restrictive covenants set forth in the employment agreement against Grove, and engaging in the activities set forth in Count XXVI, *supra,* of this Complaint.

***Prayer for Relief***

20.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which judgment should include, without limitation, the following, *to wit*

:

a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XVI; and,

b.      A judgment in an additional amount which is sufficient to punish and deter Scott J. Weaver, an Indiana resident, from further acts of fraud; and,

c.      A judgment invalidating the Employment Agreement; and,

d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.      Such other relief as the Court may deem just and proper in the premises.

## COUNT XVII: FRAUDULENT CONCEALMENT
## (AS AGAINST FAST TEK GROUP, LLC)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XVII of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XVII of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XVII of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XVII of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XVII of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XVII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XVII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XVII of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XVII of his Compliant.

9.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XVII of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XVII of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XVII of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XVII of his Compliant.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XVII of his Compliant.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XVII of his Compliant.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XVII of his Compliant.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XVII of his Compliant.

17.     The events which transpired in connection with the Transaction Documents, together with the events as verbally represented to Grove and not contained (either affirmatively or negatively) in the Transaction Documents, did not conform to the oral agreements reached between Grove and FTG.

18.   The course of the transaction was and is contrary and different to the terms verbally communicated to Grove, and the Instruction of Secrecy compounded the inability of Grove to ascertain, in advance or during the transaction, the nature and scope of the contrary and different terms.

19.   By (i) drafting the documents, either directly or through its agents, (ii) providing or authorizing the Instruction of Secrecy, either directly or through its agents, and (iii) concealing or failing to provide the requisite disclosures under the 33 Act - FTG had a duty to disclose the different terms.

20.   No disclosure of the different terms was made to Grove by FTG or any agent of FTG.

### *Prayer for Relief*

21.   ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, L.L.C., an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

    a.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XVII; and,

    b.   A judgment in an additional amount which is sufficient to punish and deter Fast Tek Group, L.L.C., an Indiana limited liability company, from further acts of fraud; and,

    c.   A judgment invalidating the Employment Agreement; and,

    d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

    e.   Such other relief as the Court may deem just and proper in the premises.

### COUNT XVIII: FRAUDULENT CONCEALMENT
### (AS AGAINST ALAN G. SYMONS)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XVIII of his Complaint and against Alan G. Symons, an Indiana resident alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XVIII of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XVIII of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XVIII of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XVIII of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XVIII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XVIII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by Reference as this rhetorical paragraph 7 of this Count XVIII of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XVIII of his Compliant.

9.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XVIII of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XVIII of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XVIII of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XVIII of his Compliant.

13.    Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XVIII of his Compliant.

14.    Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XVIII of his Compliant.

15.    Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XVIII of his Compliant.

16.    Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XVIII of his Compliant.

17.    Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XVIII of his Compliant.

18.    The events which transpired in connection with the Transaction Documents, together with the events as verbally represented to Grove and not contained (either affirmatively or negatively) in the Transaction Documents, did not conform to the oral agreements reached between Grove and Alan G. Symons.

19.    The course of the Transaction was and is contrary and different to the terms verbally communicated to Grove, and the Instruction of Secrecy compounded the inability of Grove to ascertain, in advance or during the Transaction, the nature and scope of the contrary and different terms.

20.    By (i) drafting or causing to be drafted the documents, (ii) providing or authorizing the Instruction of Secrecy, and (iii) concealing or failing to provide the requisite disclosures under the 33 Act – Alan G. Symons had a duty to disclose the different terms.

21.    No disclosure of the different terms was made to Grove by Alan G. Symons.

### *Prayer for Relief*

22.    *WHEREFORE*, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

a.     A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XVIII; and,

b.     A judgment in an additional amount which is sufficient to punish and deter Alan G. Symons, an Indiana resident, from further acts of fraud; and,

c.     A judgment invalidating the Employment Agreement; and,

d.     A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.     Such other relief as the Court may deem just and proper in the premises.

## COUNT XIX: FRAUDULENT CONCEALMENT
## (AS AGAINST SCOTT J. WEAVER)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XIX of his Complaint and against Scott J. Weaver, an Indiana resident alleges and says:

1.     Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XIX of his Complaint.

2.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XIX of his Complaint.

3.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XIX of his Complaint.

4.     Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XIX of his Complaint.

5.     Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XIX of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XIX of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XIX of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XIX of his Compliant.

9.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XIX of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XIX of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XIX of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XIX of his Compliant.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XIX of his Compliant.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XIX of his Compliant.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XIX of his Compliant.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XIX of his Compliant.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XIX of his Compliant.

18.   The events which transpired in connection with the Transaction Documents, together with the events as verbally represented to Grove and not contained (either affirmatively or negatively) in the Transaction Documents, did not conform to the oral agreements reached between Grove and Scott J. Weaver.

19.   The course of the transaction was and is contrary and different to the terms verbally communicated to Grove, and the Instruction of Secrecy compounded the inability of Grove to ascertain, in advance or during the transaction, the nature and scope of the contrary and different terms.

20.   By (i) drafting or causing to be drafted the documents, (ii) providing or authorizing the Instruction of Secrecy, and (iii)  concealing or failing to provide the requisite disclosures under the 33 Act –Scott J. Weaver had a duty to disclose the different terms.

21.   No disclosure of the different terms was made to Grove by Scott J. Weaver.

### *Prayer for Relief*

22.   ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

a.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XIX; and,

b.   A judgment in an additional amount which is sufficient to punish and deter Scott J. Weaver, an Indiana resident, from further acts of fraud; and,

c.   A judgment invalidating the Employment Agreement; and,

d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.   Such other relief as the Court may deem just and proper in the premises.

### COUNT XX: BREACH OF FIDUCIARY DUTY
### (AS AGAINST FAST TEK GROUP, LLC)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XX of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XX of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XX of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XX of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XX of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XX of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XX of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XX of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XX of his Compliant.

9.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XX of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XX of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XX of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XX of his Compliant.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XX of his Compliant.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XX of his Compliant.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XX of his Compliant.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XX of his Compliant.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XX of his Compliant.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XX of his Compliant.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XX of his Compliant.

20.     FTG was reposed with superior knowledge and influence, and therefore owed Grove a fiduciary duty.

21.     The failure of FTG to make full and accurate disclosures, together with the other facts and circumstances relating to the sale of a 25% membership interest in FTG to Grove, relegated Grove into a position of inequality, dependence, weakness and lack of knowledge.

22.    FTG wrongfully abused its confidential advantage by improperly influencing Grove so as to gain an unconscionable advantage.

23.    Grove has been injured as a result of the conduct of FTG.

### *Prayer for Relief*

24.    **WHEREFORE**, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, L.L.C., an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

    a.    A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XX; and,

    b.    A judgment in an additional amount which is sufficient to punish and deter Fast Tek Group, L.L.C., an Indiana limited liability company, from further acts of fraud; and,

    c.    A judgment invalidating the Employment Agreement; and,

    d.    A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

    e.    Such other relief as the Court may deem just and proper in the premises.

### COUNT XXI: BREACH OF FIDUCIARY DUTY
### (AS AGAINST AGS CAPITAL, INC.)

**COMES NOW** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXI of his Complaint against AGS Capital, Inc. (defined as "AGS Corporate" in rhetorical paragraph 29 of Count I of this Complaint), an Indiana corporation, alleges and says:

1.    Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXI of his Complaint.

2.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXI of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXI of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXI of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXI of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXI of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXI of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXI of his Compliant.

9.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXI of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXI of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXI of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXI of his Compliant.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXI of his Compliant.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXI of his Compliant.

15. Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXI of his Compliant.

16. Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXI of his Compliant.

17. Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXI of his Compliant.

18. Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXI of his Compliant.

19. Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXI of his Compliant.

20. Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXI of his Compliant.

21. AGS Corporate was reposed with superior knowledge and influence both over FTG and over Grove, and therefore owed Grove a fiduciary duty.

22. The failure of AGS Corporate to make full and accurate disclosures, together with the other facts and circumstances relating to the sale of a 25% membership interest in FTG to Grove, relegated Grove into a position of inequality, dependence, weakness and lack of knowledge.

23. AGS Corporate wrongfully abused its confidential advantage by improperly influencing Grove so as to gain an unconscionable advantage, and concealing the financial gain it was receiving either directly or indirectly from the sale of a 25% membership interest in FTG to Grove and the financial gain it was receiving either directly or indirectly from the Business.

24. Grove has been injured as a result of the conduct of AGS Corporate.

### *Prayer for Relief*

25. ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, AGS Capital, Inc., an Indiana corporation, which judgment should include, without limitation, the following, *to wit:*

a.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXI; and,

b.   A judgment in an additional amount which is sufficient to punish and deter AGS Capital, Inc, an Indiana corporation, from further breaches of its fiduciary obligations; and,

c.   A judgment invalidating the Employment Agreement; and,

d.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.   Such other relief as the Court may deem just and proper in the premises.

## COUNT XXII: BREACH OF FIDUCIARY DUTY
## (AS AGAINST AGS CAPITAL, LLC.)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXII of his Complaint against AGS Capital, LLC (defined as "SGSC" in rhetorical paragraph 52 of Count I of this Complaint), an Indiana limited liability company, alleges and says:

1.   Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXII of his Complaint.

2.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXII of his Complaint.

3.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXII of his Complaint.

4.   Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXII of his Complaint.

5.   Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXII of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXII of his Compliant.

9.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXII of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXII of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXII of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXII of his Compliant.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXII of his Compliant.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXII of his Compliant.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXII of his Compliant.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXII of his Compliant.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXII of his Compliant.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXII of his Compliant.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXII of his Compliant.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXII of his Compliant.

21.     AGSC was reposed with superior knowledge and influence both over FTG and over Grove, and therefore owed Grove a fiduciary duty.

22.     The failure of AGSC to make full and accurate disclosures, together with the other facts and circumstances relating to the sale of a 25% membership interest in FTG to Grove, relegated Grove into a position of inequality, dependence, weakness and lack of knowledge.

23.     AGSC wrongfully abused its confidential advantage by improperly influencing Grove so as to gain an unconscionable advantage, and concealing the financial gain it was receiving either directly or indirectly from the sale of a 25% membership interest in FTG to Grove and the financial gain it was receiving either directly or indirectly from the Business.

24.     Grove has been injured as a result of the conduct of AGSC.

### *Prayer for Relief*

25.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, AGS Capital, LLC, an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

    a.     A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXII; and,

    b.     A judgment in an additional amount which is sufficient to punish and deter AGS Capital, LLC, an Indiana limited liability company, from further breaches of its fiduciary obligations; and,

    c.     A judgment invalidating the Employment Agreement; and,

d.    A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.    Such other relief as the Court may deem just and proper in the premises.

## COUNT XXIII: BREACH OF FIDUCIARY DUTY
## (AS AGAINST ALAN G. SYMONS)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXIII of his Complaint and against Alan G. Symons, an Indiana resident alleges and says:

1.    Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXIII of his Complaint.

2.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXIII of his Complaint.

3.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXIII of his Complaint.

4.    Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXIII of his Complaint.

5.    Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXIII of his Complaint.

6.    Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXIII of his Complaint.

7.    Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXIII of his Complaint.

8.    Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXIII of his Compliant.

9.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXIII of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXIII of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXIII of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXIII of his Compliant.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXIII of his Compliant.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXIII of his Compliant.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXIII of his Compliant.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXIII of his Compliant.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXIII of his Compliant.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXIII of his Compliant.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXIII of his Compliant.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXIII of his Compliant.

21.    Alan G. Symons was reposed with superior knowledge and influence both over FTG and over Grove, and therefore owed Grove a fiduciary duty.

22.    The failure of Alan G. Symons to make full and accurate disclosures, together with the other facts and circumstances relating to the sale of a 25% membership interest in FTG to Grove, relegated Grove into a position of inequality, dependence, weakness and lack of knowledge.

23.    Alan G. Symons wrongfully abused his confidential advantage by improperly influencing Grove so as to gain an unconscionable advantage, and concealing the financial gain he was receiving either directly or indirectly from the sale of a 25% membership interest in FTG to Grove and the financial gain he was receiving either directly or indirectly from the Business.

24.    Grove has been injured as a result of the conduct of Alan G. Symons.

*Prayer for Relief*

25.    ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

a.    A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXIII; and,

b.    A judgment in an additional amount which is sufficient to punish and deter Alan G. Symons, an Indiana resident, from further breaches of his fiduciary duties; and,

c.    A judgment invalidating the Employment Agreement; and,

d.    A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.    Such other relief as the Court may deem just and proper in the premises.

## COUNT XXIV: BREACH OF FIDUCIARY DUTY
## (AS AGAINST SAW CAPITAL, LLC.)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXIV of his Complaint and against SAW Capital, LLC, an purported Indiana limited liability company ("SAW") alleges and says:

1.    Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXIV of his Complaint.

2.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXIV of his Complaint.

3.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXIV of his Complaint.

4.    Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXIV of his Complaint.

5.    Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXIV of his Complaint.

6.    Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXIV of his Complaint.

7.    Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXIV of his Complaint.

8.    Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXIV of his Compliant.

9.    Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXIV of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXIV of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXIV of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXIV of his Compliant.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXIV of his Compliant.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXIV of his Compliant.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXIV of his Compliant.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXIV of his Compliant.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXIV of his Compliant.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXIV of his Compliant.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXIV of his Compliant.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXIV of his Compliant.

21.     SAW was reposed with superior knowledge and influence both over FTG and over Grove, and therefore owed Grove a fiduciary duty.

22.     The failure of SAW to make full and accurate disclosures, together with the other facts and circumstances relating to the sale of a 25% membership interest in FTG to Grove, relegated Grove into a position of inequality, dependence, weakness and lack of knowledge.

23.     SAW wrongfully abused its confidential advantage by improperly influencing Grove so as to gain an unconscionable advantage, and concealing the financial gain it was receiving either directly or indirectly from the sale of a 25% membership interest in FTG to Grove and the financial gain it was receiving either directly or indirectly from the Business.

24.     Grove has been injured as a result of the conduct of SAW.

### *Prayer for Relief*

25.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, SAW, an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXIV; and,

b.      A judgment in an additional amount which is sufficient to punish and deter SAW Capital, a putative Indiana limited liability company, from further breaches of its fiduciary duties; and,

c.      A judgment invalidating the Employment Agreement; and,

d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.      Such other relief as the Court may deem just and proper in the premises.

### COUNT XXV: BREACH OF FIDUCIARY DUTY
### (AS AGAINST SCOTT J. WEAVER)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXV of his Complaint and against Scott J. Weaver, an Indiana resident alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXV of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXV of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXV of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXV of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXV of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXV of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXV of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXV of his Compliant.

9.      Grove hereby incorporates the allegations of rhetorical paragraph 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXV of his Compliant.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXV of his Compliant.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXV of his Compliant.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXV of his Compliant.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXV of his Compliant.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXV of his Compliant.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXV of his Compliant.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXV of his Compliant.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXV of his Compliant.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXV of his Compliant.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXV of his Compliant.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXV of his Compliant.

21.     Scott J. Weaver was reposed with superior knowledge and influence both over FTG and over Grove, and therefore owed Grove a fiduciary duty.

22.     The failure of Scott J. Weaver to make full and accurate disclosures, together with the other facts and circumstances relating to the sale of a 25% membership interest in FTG to Grove, relegated Grove into a position of inequality, dependence, weakness and lack of knowledge.

23.     Scott J. Weaver wrongfully abused his confidential advantage by improperly influencing Grove so as to gain an unconscionable advantage, and concealing the financial gain he was receiving either directly or indirectly from the sale of a 25% membership interest in FTG to Grove and the financial gain he was receiving either directly or indirectly from the Business.

24.     Grove has been injured as a result of the conduct of Scott J. Weaver.

### *Prayer for Relief*

25.     **WHEREFORE**, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXV; and,

b.      A judgment in an additional amount which is sufficient to punish and deter Scott J. Weaver, an Indiana resident, from further breaches of his fiduciary duties; and,

c.      A judgment invalidating the Employment Agreement; and,

d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.      Such other relief as the Court may deem just and proper in the premises.

### COUNT XXVI: CONVERSION AND CONSPIRACY TO COMMIT CONVERSION (AS AGAINST FAST TEK GROUP, LLC)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXVI of his Complaint against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXVI of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXVI of his Complaint.

3.       Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXVI of his Complaint.

4.       Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXVI of his Complaint.

5.       Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXVI of his Complaint.

6.       Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXVI of his Complaint.

7.       Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXVI of his Complaint.

8.       Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXVI of his Complaint.

9.       Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXVI of his Complaint.

10.      Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXVI of his Complaint.

11.      Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXVI of his Complaint.

12.      Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXVI of his Complaint.

13.      Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXVI of his Complaint.

14.      Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXVI of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXVI of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXVI of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXVI of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXVI of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXVI of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXVI of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXVI of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXVI of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXVI of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXVI of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXVI of his Complaint.

***Dunn & Bradstreet Number***

26.     The Dunn & Bradstreet number assigned to the Corporation – specifically 88-325-0615 (the "DUNS Number for the Corporation") was not purchased as part of the un-consummated transaction discussed as part of this Complaint in connection with the Transaction Documents, nor has it ever been purchased.

27.     Commencing on September 18, 2003, and continuing through December 18, 2003 (the "First Period") FTG continued the regular business of the Corporation under the DUNS Number for the Corporation, despite the absence of any right to do so.

28.     The actions of FTG in connection with the use of the Corporation's DUNS Number during the First Period were not disclosed to GM.

29.     Josie A. Henneke, the Chief Financial Officer for AGS Capital, LLC, as an agent for AGS Capital, LLC and also as an agent for the Plaintiff, ordered a "Corporate HQ Number" for FTG on December 12, 2003.  This is a request for a DUNS Number to be assigned to FTG.

30.     On or about December 18, 2003, FTG received its own DUNS Number (the "FTG DUNS Number").

31.     On December 18, 2003, Scott A. Weaver, in his capacity as President of FTG, informed agents of FTG that FTG had received two (2) DUNS Numbers; specifically, 14-140-9750 & 14-141-0238.

32.     Commencing with December 18, 2003 and continuing through February 3, 2004 (the "Second Period") FTG continued to act under the DUNS Number for the Corporation.

33.     FTG acted under the DUNS Number for the Corporation during the Second Period because GM had not approved FTG as a CS2 supplier.

34.     In connection with the use of the Corporation's Duns Number by FTG during the Second Period (specifically, on January 22, 2004), Lauria Vermeulen, in her capacity as Vice President of Strategic Planning for FTG, obtained business for FTG under the DUNS Number for the Corporation.

35.     Lauria Vermeulen, in her capacity as Vice President of Strategic Planning for FTG, represented to GM that the Corporation was replaced with FTG on the GM CS2 Supplier Listing, which included the replacement of telephone numbers and contact individuals.

36.     On February 3, 2004, Scott Weaver, in his capacity as the President of FTG, requested GM substitute the DUNS Numbers for FTG for those of the Corporation for the stated reason that the Corporation was "in red for financial" under its DUNS Number.  This communication by Scott Weaver emphasized that the DUNS Number for the Corporation was being usurped by the Plaintiff out of need; and, as Scott Weaver believed it was no longer needed, the Plaintiff now desired to substitute its own DUNS Number for that of the Corporation.

37.     Lauria Vermeulen, in her new capacity as Engineering Manager for FTG, falsely informed the Controlled Shipping Level Coordinators for GM that the name of the Corporation was changed to FTG. The Corporation never changed its name to that of FTG, and by instructing the Controlled Shipping Level Coordinators at GM to make such a change converted the DUNS Number of the Corporation to use FTG.

38.     On April 22, 2004, Jerod F. Long, leader NAVO CS2 Activities, General Motors Corporation, transmitted a memo to all GM Supplier Quality Providers.  A photocopy of the email together with its attachment is attached to this Affidavit and incorporated into this Affidavit as **Exhibit I**.  The attachment addresses the performance of approved CS2 providers.  Fast Tek (referencing the FTG) is listed under the DUNS Number for the Corporation.  Due to the memo assigning responsibility for "PRR" (Problem Resolution Reports), all unsatisfactory CS2 work performed by FTG had been charged against the DUNS Number for the Corporation, thereby damaging the ability of the Corporation to maintain an accurate reliability and quality standing with GM.

39.     On April 22, 2004, Jerod F. Long, leader NAVO CS2 Activities, General Motors Corporation, transmitted an email request to all CS2 providers, including the Plaintiff, requesting confirmation that the attachment (identified as an Exhibit in the preceding paragraph of this Affidavit) contained the correct DUNS Number for the listing company.

40.     FTG agents, in accordance with instructions from both Scott J. Weaver and Alan G. Symons, transmitted confirmation to Jerod F. Long that the DUNS Number was correct (despite such confirmation being false).

41.     The quality rating of the DUNS Number for the Corporation has been seriously damaged by below quality work being performed by FTG.

42.     On or about June 24, 2004, FTG obtained its approval from GM to act as a CS2 supplier.  Upon receiving its approval from GM to act as a CS2 supplier, FTG then sought to substitute its own DUNS Number for that of the Corporation.

43.     Until the events described in the preceding paragraph of this Complaint, the purchase orders issued by GM were in the name of the Corporation, paid to the Corporation, and the property of the Corporation; and, the payments and Problem Resolution Reports for unsatisfactory work during the period of September 18, 2003 through the 24th day of June, 2004, were made to or about the Corporation from the perspective of GM.

44.     On the 17th day of February, 2005, the Corporation became inactive, and the DUNS Number previously owned by the Corporation was distributed, as a dissolution distribution, to Grove.

### *Prayer for Relief*

45.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, LLC, an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

   a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXVI; and,

   b.      A judgment in an additional amount which is sufficient to punish and deter Fast Tek Group, LLC, an Indiana limited liability company, from further acts of conversion; and,

   c.      A judgment invalidating the Employment Agreement; and,

   d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

   e.      Such other relief as the Court may deem just and proper in the premises.

### COUNT XXVII: CONVERSION AND CONSPIRACY TO COMMIT CONVERSION (AS AGAINST ALAN G. SYMONS)

**COMES NOW** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXVII of his Complaint and against Alan G. Symons, an Indiana resident alleges and says:

1.   Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXVII of his Complaint.

2.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXVII of his Complaint.

3.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXVII of his Complaint.

4.   Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXVII of his Complaint.

5.   Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXVII of his Complaint.

6.   Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXVII of his Complaint.

7.   Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXVII of his Complaint.

8.   Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXVII of his Complaint.

9.   Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXVII of his Complaint.

10.   Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXVII of his Complaint.

11.   Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXVII of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXVII of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXVII of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXVII of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXVII of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXVII of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXVII of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXVII of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXVII of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXVII of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXVII of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXVII of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXVII of his Complaint.

24.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXVII of his Complaint.

25.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXVII of his Complaint.

26.   Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXVII of his Complaint.

27.   The conversions of the DUNS Number for the Corporation occurred at the instruction of Alan G. Symons.

28.   The conversions of the DUNS Number for the Corporation occurred during a period of time under which FTG was under the control and dominion of Alan G. Symons.

29.   The conversions of the DUNS Number for the Corporation occurred as a direct and proximate result of the acts and omissions of Alan G. Symons.

30.   The conversions of the DUNS Number for the Corporation economically benefited Alan G. Symons, directly and indirectly.

31.   The conversions of the DUNS Number for the Corporation caused injury and economic loss to Grove.

### *Prayer for Relief*

32.   ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

   a.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXVII; and,

   b.   A judgment in an additional amount which is sufficient to punish and deter Alan G. Symons, an Indiana resident, from further acts of conversion; and,

   c.   A judgment invalidating the Employment Agreement; and,

d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.      Such other relief as the Court may deem just and proper in the premises.

## COUNT XXVIII: CONVERSION AND CONSPIRACY TO COMMIT CONVERSION (AS AGAINST SCOTT J. WEAVER)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXVIII of his Complaint and against Scott J. Weaver, an Indiana resident alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXVIII of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXVIII of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXVIII of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXVIII of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXVIII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXVIII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXVIII of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXVIII of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXVIII of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXVIII of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXVIII of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXVIII of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXVIII of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXVIII of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXVIII of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXVIII of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXVIII of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXVIII of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXVIII of his Complaint.

20.   Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXVIII of his Complaint.

21.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXVIII of his Complaint.

22.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXVIII of his Complaint.

23.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXVIII of his Complaint.

24.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXVIII of his Complaint.

25.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXVIII of his Complaint.

26.   Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXVIII of his Complaint.

27.   The conversions of the DUNS Number for the Corporation occurred at the instruction of Scott J. Weaver.

28.   The conversions of the DUNS Number for the Corporation occurred during a period of time under which FTG was under the control and dominion of Scott J. Weaver.

29.   The conversions of the DUNS Number for the Corporation occurred as a direct and proximate result of the acts and omissions of Scott J. Weaver.

30.   The conversions of the DUNS Number for the Corporation economically benefited Scott J. Weaver, directly and indirectly.

31.   The conversions of the DUNS Number for the Corporation caused injury and economic loss to Grove.

*Prayer for Relief*

32.   **WHEREFORE**, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which judgment should include, without limitation, the following, *to wit*

:

    a.    A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXVIII; and,

    b.    A judgment in an additional amount which is sufficient to punish and deter Scott J. Weaver, an Indiana resident, from further acts of conversion; and,

    c.    A judgment invalidating the Employment Agreement; and,

    d.    A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

    e.    Such other relief as the Court may deem just and proper in the premises.

## COUNT XXIX: CRIMINAL CONVERSION AND CONSPIRACY TO COMMIT CONVERSION (AS AGAINST FAST TEK GROUP, LLC)

**COMES NOW** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXIX of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.   Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXIX of his Complaint.

2.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXIX of his Complaint.

3.   Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXIX of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXIX of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXIX of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXIX of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXIX of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXIX of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXIX of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXIX of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXIX of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXIX of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXIX of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXIX of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXIX of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXIX of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXIX of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXIX of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXIX of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXIX of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXIX of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXIX of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXIX of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXIX of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXIX of his Complaint.

26.     Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXIX of his Complaint.

27.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXIX of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXIX of his Complaint.

29.     The conversion of the Business, the DUNS Number of the Corporation, and ancillary assets set forth in this Complaint was done knowingly and intentionally by FTG, both as an entity and through its agents.

30.     Grove has been compelled to engage counsel to protect his rights as a direct and proximate result of the conduct of FTG, both as an entity and through its agents.

31.     Because FTG, both as an entity and through its agents, has knowingly and intentionally exerted unauthorized control over the assets – including, without limitation, the Business, the DUNS Number of the Corporation, and the ancillary assets set forth in this Complaint – Grove is entitled to recover treble damages, costs of this action, and reasonable attorney's fees pursuant to the Indiana Crime Victims Relief Act, Indiana Code § 34-24-3-1.

### *Prayer for Relief*

32.     *WHEREFORE*, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, LLC, an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

    a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXIX; and,

    b.      A judgment in an additional amount which is sufficient to punish and deter Fast Tek Group, LLC, an Indiana limited liability company, from further acts of criminal conversion and consistent with the Indiana Crime Victims Relief Act, Indiana Code § 34-24-3-1; and,

    c.      A judgment invalidating the Employment Agreement; and,

    d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

    e.      Such other relief as the Court may deem just and proper in the premises.

## COUNT XXX: CRIMINAL CONVERSION AND CONSPIRACY TO COMMIT CONVERSION
## (AS AGAINST ALAN G. SYMONS)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXX of his Complaint and against Alan G. Symons, an Indiana resident alleges and says:

1.     Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXX of his Complaint.

2.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXX of his Complaint.

3.     Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXX of his Complaint.

4.     Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXX of his Complaint.

5.     Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXX of his Complaint.

6.     Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXX of his Complaint.

7.     Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXX of his Complaint.

8.     Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXX of his Complaint.

9.     Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXX of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXX of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXX of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXX of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXX of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXX of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXX of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXX of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXX of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXX of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXX of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXX of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXX of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXX of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXX of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXX of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXX of his Complaint.

26.     Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXX of his Complaint.

27.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXX of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXX of his Complaint.

29.     The conversion of the Business, the DUNS Number of the Corporation, and ancillary assets set forth in this Complaint was done knowingly and intentionally by Alan G. Symons, using, *inter alia*, FTG as a device and conduit.

30.     Grove has been compelled to engage counsel to protect his rights as a direct and proximate result of the conduct of Alan G. Symons.

31.     Because Alan G. Symons has knowingly and intentionally exerted unauthorized control over the assets – including, without limitation, the Business, the DUNS Number of the Corporation, and the ancillary assets set forth in this Complaint – Grove is entitled to recover treble damages, costs of this action, and reasonable attorney's fees pursuant to the Indiana Crime Victims Relief Act, Indiana Code § 34-24-3-1.

*Prayer for Relief*

32.    **WHEREFORE**, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

a.    A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXX; and,

b.    A judgment in an additional amount which is sufficient to punish and deter Alan G. Symons, an Indiana resident, from further acts of criminal conversion and consistent with the Indiana Crime Victims Relief Act, Indiana Code § 34-24-3-1; and,

c.    A judgment invalidating the Employment Agreement; and,

d.    A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.    Such other relief as the Court may deem just and proper in the premises.

## COUNT XXXI: CRIMINAL CONVERSION AND CONSPIRACY TO COMMIT CONVERSION (AS AGAINST SCOTT J. WEAVER)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXXI of his Complaint and against Scott J. Weaver, an Indiana resident alleges and says:

1.    Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXXI of his Complaint.

2.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXXI of his Complaint.

3.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXXI of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXXI of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXXI of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXXI of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXXI of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXXI of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXXI of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXXI of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXXI of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXXI of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXXI of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXXI of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXXI of his Complaint.

16.   Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXXI of his Complaint.

17.   Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXXI of his Complaint.

18.   Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXXI of his Complaint.

19.   Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXXI of his Complaint.

20.   Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXXI of his Complaint.

21.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXXI of his Complaint.

22.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXXI of his Complaint.

23.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXXI of his Complaint.

24.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXXI of his Complaint.

25.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXXI of his Complaint.

26.   Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXXI of his Complaint.

27.   Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXXI of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXXI of his Complaint.

29.     The conversion of the Business, the DUNS Number of the Corporation, and ancillary assets set forth in this Complaint was done knowingly and intentionally by Scott J. Weaver, using, *inter alia*, FTG as a device and conduit.

30.     Grove has been compelled to engage counsel to protect his rights as a direct and proximate result of the conduct of Scott J. Weaver.

31.     Because Scott J. Weaver has knowingly and intentionally exerted unauthorized control over the assets – including, without limitation, the Business, the DUNS Number of the Corporation, and the ancillary assets set forth in this Complaint – Grove is entitled to recover treble damages, costs of this action, and reasonable attorney's fees pursuant to the Indiana Crime Victims Relief Act, Indiana Code § 34-24-3-1.

### *Prayer for Relief*

32.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXXI; and,

b.      A judgment in an additional amount which is sufficient to punish and deter Scott J. Weaver, an Indiana resident, from further acts of criminal conversion and consistent with the Indiana Crime Victims Relief Act, Indiana Code § 34-24-3-1; and,

c.      A judgment invalidating the Employment Agreement; and,

d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.      Such other relief as the Court may deem just and proper in the premises.

## COUNT XXXII: VIOLATIONS OF INDIANA UNIFORM FRADULENT TRANSFERS ACT

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXXII of his Complaint against Fast Tek Group, LLC, an Indiana limited liability company ("FTG"), AGS Capital, Inc., an Indiana corporation("AGS Corporate"), AGS Capital, LLC, an Indiana limited liability company ("AGSC"), SAW Capital, a putative Indiana limited liability company ("SAW"), Alan G. Symons, an Indiana resident, and Scott J. Weaver, an Indiana resident, alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXXII of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXXII of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXXII of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXXII of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXXII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXXII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXXII of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXXII of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXXII of his Complaint.

10.   Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXXII of his Complaint.

11.   Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXXII of his Complaint.

12.   Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXXII of his Complaint.

13.   Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXXII of his Complaint.

14.   Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXXII of his Complaint.

15.   Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXXII of his Complaint.

16.   Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXXII of his Complaint.

17.   Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXXII of his Complaint.

18.   Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXXII of his Complaint.

19.   Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXXII of his Complaint.

20.   Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXXII of his Complaint.

21.   Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXXII of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXXII of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXXII of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXXII of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXXII of his Complaint.

26.     Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXXII of his Complaint.

27.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXXII of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXXII of his Complaint.

29.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XXXII of his Complaint.

30.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XXXII of his Complaint.

31.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XXXII of his Complaint.

32.     The transfers, payments, perquisites, benefits and other remuneration paid by FTG to any or all of AGS Corporate, AGSC, SAW, Alan G. Symons and Scott J. Weaver (collectively, the "Transfer Recipients") were fraudulent as to Grove.

33.     The transfers, payments, perquisites, benefits and other remuneration paid by FTG to any or all of the Transfer Recipients were incurred and made with the actual intent by the Transfer Recipients, any or all, to hinder, delay and defraud Grove.

34.     The transfers, payments, perquisites, benefits and other remuneration paid by FTG to any or all of the Transfer Recipients were made without FTG or Grove receiving reasonably equivalent value.

35.     The transfers, payments, perquisites, benefits and other remuneration paid by FTG to any or all of the Transfer Recipients were made in violation of the Indiana Uniform Fraudulent Transfer Act, Indiana Code Section 32-18-2-1, *et seq.*

### *Prayer for Relief*

36.     **WHEREFORE**, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendants Fast Tek Group, LLC, an Indiana limited liability company ("FTG"), AGS Capital, Inc., an Indiana corporation("AGS Corporate"), AGS Capital, LLC, an Indiana limited liability company ("AGSC"), SAW Capital, a putative Indiana limited liability company ("SAW"), Alan G. Symons, an Indiana resident, and Scott J. Weaver, an Indiana resident, in the following, *to wit:*

   a.     A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXXII; and,

   b.     A judgment against each of Fast Tek Group, LLC, an Indiana limited liability company, AGS Capital, Inc., an Indiana corporation, AGS Capital, LLC, an Indiana limited liability company, SAW Capital, a putative Indiana limited liability company, Alan G. Symons, an Indiana resident, and Scott J. Weaver, an Indiana resident, in the amount of the transfers received (until such amount satisfies all claims of Phillip Wayne Grove under this Complaint); and,

   c.     A judgment of avoidance against each of Fast Tek Group, LLC, an Indiana limited liability company, AGS Capital, Inc., an Indiana corporation, AGS Capital, LLC, an Indiana limited liability company, SAW Capital, a putative Indiana limited liability company, Alan G. Symons, an Indiana resident, and Scott J. Weaver, an Indiana resident, in the amount of the transfers received (until such amount satisfies all claims of Phillip Wayne Grove under this Complaint); and,

c.  In an additional amount which is sufficient to punish and deter Scott J. Weaver, an Indiana resident, from further acts of criminal conversion and consistent with the Indiana Crime Victims Relief Act, Indiana Code § 34-24-3-1; and,

d.  A judgment invalidating the Employment Agreement; and,

e.  A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

f.  Such other relief as the Court may deem just and proper in the premises.

## COUNT XXXIII: COMPLAINT TO PIERCE THE CORPORATE VEIL

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXXIII of his Complaint and against Fast Tek Group, LLC ("FTG"), an Indiana limited liability company, AGS Capital, Inc.("AGS Corporate"), an Indiana corporation, AGS Capital, LLC ("AGSC"), an Indiana limited liability company, SAW Capital, LLC ("SAW"), a putative Indiana limited liability company, Alan G. Symons, an Indiana resident, and Scott J. Weaver, an Indiana resident, alleges and says:

1.  Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXXIII of his Complaint.

2.  Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXXIII of his Complaint.

3.  Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXXIII of his Complaint.

4.  Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXXIII of his Complaint.

5.  Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXXIII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXXIII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXXIII of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXXIII of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXXIII of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXXIII of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXXIII of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXXIII of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXXIII of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXXIII of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXXIII of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXXIII of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXXIII of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXXIII of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXXIII of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXXIII of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXXIII of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXXIII of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXXIII of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXXIII of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXXIII of his Complaint.

26.     Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXXIII of his Complaint.

27.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXXIII of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXXIII of his Complaint.

29.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XXXIII of his Complaint.

30.   Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XXXIII of his Complaint.

31.   Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XXXIII of his Complaint.

32.   Grove hereby incorporates the allegations of rhetorical paragraphs 32, 33, 34 and 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XXXIII of his Complaint.

33.   The FTG, AGS Corporate, AGSC and SAW entities are mere agents and alter egos of Alan G. Symons and Scott J. Weaver.

34.   Grove has been mislead and confused by the conduct of Alan G. Symons and Scott J. Weaver in connection with the FTG, AGS Corporate, AGSC and SAW entities.

35.   The FTG entity, and most likely the AGS Corporate and AGSC, are under-capitalized entities which, at all relevant times, have been insolvent and unable to satisfy financial obligations as they came due.

36.   The SAW entity is also an under-capitalized entity which, at all relevant times, has been insolvent and unable to satisfy financial obligations as they came due; and, SAW is also not a duly formed entity, and therefore is a mere proprietorship of Scott J. Weaver.

37.   Alan G. Symons and Scott J. Weaver have been jointly and exclusively in control of each and all of FTG, AGS Corporate, AGSC, and SAW.

38.   Justice requires the veils of each and all of FTG, AGS Corporate, AGSC, and SAW be pierced.

### *Prayer for Relief*

39.   ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendants Fast Tek Group, LLC, an Indiana limited liability company, AGS Capital, Inc., an Indiana corporation, AGS Capital, LLC, an Indiana limited liability company, SAW Capital, a putative Indiana limited liability company, in the following, *to wit:*

a.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXXIII; and,

b.      A judgment piercing the veil of each of Fast Tek Group, LLC, an Indiana limited liability company, AGS Capital, Inc., an Indiana corporation, AGS Capital, LLC, an Indiana limited liability company, SAW Capital, a putative Indiana limited liability company,  (until all claims of Phillip Wayne Grove under this Complaint are satisfied); and,

c.      A judgment invalidating the Employment Agreement; and,

e.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

f.      Such other relief as the Court may deem just and proper in the premises.

## COUNT XXXIV: ABUSE OF PROCESS
## (AS AGAINST FAST TEK GROUP, LLC)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXXIV of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXXIV of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXXIV of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXXIV of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXXIV of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXXIV of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXXIV of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXXIV of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXXIV of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXXIV of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXXIV of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXXIV of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXXIV of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXXIV of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXXIV of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXXIV of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXXIV of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXXIV of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXXIV of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXXIV of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXXIV of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXXIV of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXXIV of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXXIV of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXXIV of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXXIV of his Complaint.

26.     Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXXIV of his Complaint.

27.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXXIV of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXXIV of his Complaint.

29.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XXXIV of his Complaint.

30.    Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XXXIV of his Complaint.

31.    Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XXXIV of his Complaint.

32.    Grove hereby incorporates the allegations of rhetorical paragraphs 32 through 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XXXIV of his Complaint.

33.    Grove hereby incorporates the allegations of rhetorical paragraphs 33 through 38 of Count XXXIII by reference as this rhetorical paragraph 33 of this Count XXXIV of his Complaint.

34.    FTG commenced and has pursued an action against Grove in Hamilton Superior Court 3, state of Indiana, under Cause Number 29-D-03-0508-PL-0891 (the "Suit").

35.    FTG initiated the Suit without cause.

36.    FTG initiated the Suit with the ulterior motive of causing economic harm to Grove by, among other economic harms, requiring Grove engage counsel and subjecting Grove to protracted discovery and litigation in the Suit.

37.    Grove has been injured as a direct and proximate result of the Suit.

### Prayer for Relief

38.    **WHEREFORE**, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, L.L.C., an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

   a.    A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXXIV; and,

   b.    A judgment in an additional amount which is sufficient to punish and deter Fast Tek Group, LLC, an Indiana limited liability company, from further acts abusing the legal process; and,

   c.    A judgment invalidating the Employment Agreement; and,

d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

e.      Such other relief as the Court may deem just and proper in the premises.

## COUNT XXXV: ABUSE OF PROCESS
## (AS AGAINST ALAN G. SYMONS)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXXV of his Complaint and against Alan G. Symons, an Indiana resident alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXXV of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXXV of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXXV of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXXV of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXXV of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXXV of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXXV of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXXV of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXXV of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXXV of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXXV of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXXV of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXXV of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXXV of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXXV of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXXV of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXXV of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXXV of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXXV of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXXV of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXXV of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXXV of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXXV of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXXV of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXXV of his Complaint.

26.     Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXXV of his Complaint.

27.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXXV of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXXV of his Complaint.

29.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XXXV of his Complaint.

30.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XXXV of his Complaint.

31.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XXXV of his Complaint.

32.     Grove hereby incorporates the allegations of rhetorical paragraphs 32 through 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XXXV of his Complaint.

33.     Grove hereby incorporates the allegations of rhetorical paragraphs 33 through 38 of Count XXXIII by reference as this rhetorical paragraph 33 of this Count XXXV of his Complaint.

34.     Grove hereby incorporates the allegations of rhetorical paragraphs 34 through 37 of Count XXXIV by reference as this rhetorical paragraph 34 of this Count XXXV of his Complaint.

35.     Alan G. Symons was in control of FTG at the time the Suit was brought, and caused the Suit to be brought.

36.     Grove has been injured as a direct and proximate result of the Suit.

### *Prayer for Relief*

37.     *WHEREFORE*, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

    a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the conduct described in this Count XXXV; and,

    b.      A judgment in an additional amount which is sufficient to punish and deter Alan G. Symons, an Indiana resident, from further acts abusing the legal process; and,

    c.      A judgment invalidating the Employment Agreement; and,

    d.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

    e.      Such other relief as the Court may deem just and proper in the premises.

## COUNT XXXVI: ABUSE OF PROCESS
## (AS AGAINST SCOTT J. WEAVER)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXXVI of his Complaint and against Scott J. Weaver, an Indiana resident alleges and says:

1. Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXXVI of his Complaint.

2. Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXXVI of his Complaint.

3. Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXXVI of his Complaint.

4. Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXXVI of his Complaint.

5. Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXXVI of his Complaint.

6. Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXXVI of his Complaint.

7. Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXXVI of his Complaint.

8. Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXXVI of his Complaint.

9. Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXXVI of his Complaint.

106

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXXVI of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXXVI of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXXVI of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXXVI of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXXVI of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXXVI of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXXVI of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXXVI of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXXVI of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXXVI of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXXVI of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXXVI of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXXVI of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXXVI of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXXVI of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXXVI of his Complaint.

26.     Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXXVI of his Complaint.

27.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXXVI of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXXVI of his Complaint.

29.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XXXVI of his Complaint.

30.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XXXVI of his Complaint.

31.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XXXVI of his Complaint.

32.     Grove hereby incorporates the allegations of rhetorical paragraphs 32 through 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XXXVI of his Complaint.

33.     Grove hereby incorporates the allegations of rhetorical paragraphs 33 through 38 of Count XXXIII by reference as this rhetorical paragraph 33 of this Count XXXVI of his Complaint.

34.     Grove hereby incorporates the allegations of rhetorical paragraphs 34 through 37 of Count XXXIV by reference as this rhetorical paragraph 34 of this Count XXXVI of his Complaint.

35.     Scott J. Weaver was in control of FTG at the time the Suit was brought, and caused the Suit to be brought.

36.     Grove has been injured as a direct and proximate result of the Suit.

### *Prayer for Relief*

37.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

    a.     A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the conduct described in this Count XXXVI; and,

    b.     A judgment in an additional amount which is sufficient to punish and deter Scott J. Weaver, an Indiana resident, from further acts abusing the legal process; and,

    c.     A judgment invalidating the Employment Agreement; and,

    d.     A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

    e.     Such other relief as the Court may deem just and proper in the premises.

### COUNT XXXVII: PROMISSORY ESTOPPEL
### (AS AGAINST FAST TEK GROUP, LLC)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXXVIII of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.     Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXXVII of his Complaint.

109

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXXVII of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXXVII of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXXVII of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXXVII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXXVII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXXVI of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXXVII of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXXVII of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXXVII of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXXVII of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXXVII of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXXVII of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXXVII of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXXVII of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXXVII of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXXVII of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXXVII of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXXVII of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXXVII of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXXVII of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXXVII of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXXVII of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXXVII of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXXVII of his Complaint.

26. Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXXVII of his Complaint.

27. Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXXVII of his Complaint.

28. Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXXVII of his Complaint.

29. Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XXXVII of his Complaint.

30. Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XXXVII of his Complaint.

31. Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XXXVII of his Complaint.

32. Grove hereby incorporates the allegations of rhetorical paragraphs 32 through 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XXXVII of his Complaint.

33. Grove hereby incorporates the allegations of rhetorical paragraphs 33 through 38 of Count XXXIII by reference as this rhetorical paragraph 33 of this Count XXXVII of his Complaint.

34. Grove hereby incorporates the allegations of rhetorical paragraphs 34 through 37 of Count XXXIV by reference as this rhetorical paragraph 34 of this Count XXXVII of his Complaint.

35. The MOU and representations made by FTG and its agents, including, without limitation, Alan G. Symons and Scott J. Weaver, constituted promises to fulfill the terms and conditions of the MOU as set forth in this Complaint.

36. Grove reasonably expected FTG and its agents, including, without limitation, Alan G. Symons and Scott J. Weaver, to fulfill its promises as set forth in this Complaint.

112

37.   In reliance upon his reasonable belief that the promises of FTG and its agents, including, without limitation, Alan G. Symons and Scott J. Weaver, would be fulfilled, Gove proceeded to act in accordance with the Transaction Documents and, to his great detriment, transfer the Business to FTG.

38.   FTG and its agents, including, without limitation, Alan G. Symons and Scott J. Weaver, have been unjustly enriched as a result of the reliance of Grove.

39.   As a result of his reliance upon the promises of FTG and its agents, including, without limitation, Alan G. Symons and Scott J. Weaver, Grove will suffer a detriment; and, as a result of the Suit, Grove has already suffered a detriment which is continuing.

40.   Injustice can be avoided only be the enforcement of the promises of FTG and its agents, including, without limitation, Alan G. Symons and Scott J. Weaver.

### *Prayer for Relief*

41.   ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, L.L.C., an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

a.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXXVII; and,

b.   A judgment compelling Fast Tek Group, LLC, an Indiana limited liability company, to fulfill its promises as set forth in this Complaint; and,

c.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

d.   Such other relief as the Court may deem just and proper in the premises.

## COUNT XXXVIII: EQUITIBLE ESTOPPEL
## (AS AGAINST FAST TEK GROUP, LLC)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXXVIII of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXXVIII of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXXVIII of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXXVIII of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXXVIII of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXXVIII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXXVIII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXXVIII of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXXVIII of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXXVIII of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXXVIII of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXXVIII of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXXVIII of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXXVIII of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXXVIII of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXXVIII of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXXVIII of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXXVIII of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXXVIII of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXXVIII of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXXVIII of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXXVIII of his Complaint.

22.    Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXXVIII of his Complaint.

23.    Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXXVIII of his Complaint.

24.    Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXXVIII of his Complaint.

25.    Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXXVIII of his Complaint.

26.    Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXXVIII of his Complaint.

27.    Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXXVIII of his Complaint.

28.    Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXXVIII of his Complaint.

29.    Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XXXVIII of his Complaint.

30.    Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XXXVIII of his Complaint.

31.    Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XXXVIII of his Complaint.

32.    Grove hereby incorporates the allegations of rhetorical paragraphs 32 through 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XXXVIII of his Complaint.

33.    Grove hereby incorporates the allegations of rhetorical paragraphs 33 through 38 of Count XXXIII by reference as this rhetorical paragraph 33 of this Count XXXVIII of his Complaint.

34.     Grove hereby incorporates the allegations of rhetorical paragraphs 34 through 37 of Count XXXIV by reference as this rhetorical paragraph 34 of this Count XXXVIII of his Complaint.

35.     Grove hereby incorporates the allegations of rhetorical paragraphs 35 through 40 of Count XXXVII by reference as this rhetorical paragraph 35 of this Count XXXVIII of his Complaint.

36.     FTG and its agents, including, without limitation, Alan G. Symons and Scott J. Weaver, had actual knowledge of the promises made to Grove as part of the Transaction Documents.

37.     Grove did not have knowledge of the false nature of the promises, nor could Grove have reasonably known of the falsity of the promises.

### *Prayer for Relief*

38.     ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, L.L.C., an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

a.     A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXXVII; and,

b.     A judgment estopping Fast Tek Group, LLC, an Indiana limited liability company, from denying or failing to fulfill its promises as set forth in this Complaint; and,

c.     A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

d.     Such other relief as the Court may deem just and proper in the premises.

## COUNT XXXIX: NEGLIGENT MISREPRESENTATION
## (AS AGAINST FAST TEK GROUP, LLC)

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XXXIX of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.    Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XXXIX of his Complaint.

2.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XXXIX of his Complaint.

3.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XXXIX of his Complaint.

4.    Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XXXIX of his Complaint.

5.    Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XXXIX of his Complaint.

6.    Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XXXIX of his Complaint.

7.    Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XXXIX of his Complaint.

8.    Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XXXIX of his Complaint.

9.    Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XXXIX of his Complaint.

10.   Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XXXIX of his Complaint.

11.   Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XXXIX of his Complaint.

12.   Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XXXIX of his Complaint.

13. Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XXXIX of his Complaint.

14. Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XXXIX of his Complaint.

15. Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XXXIX of his Complaint.

16. Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XXXIX of his Complaint.

17. Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XXXIX of his Complaint.

18. Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XXXIX of his Complaint.

19. Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XXXIX of his Complaint.

20. Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XXXIX of his Complaint.

21. Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XXXIX of his Complaint.

22. Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XXXIX of his Complaint.

23. Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XXXIX of his Complaint.

24. Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XXXIX of his Complaint.

25. Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XXXIX of his Complaint.

26. Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XXXIX of his Complaint.

27. Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XXXIX of his Complaint.

28. Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XXXIX of his Complaint.

29. Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XXXIX of his Complaint.

30. Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XXXIX of his Complaint.

31. Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XXXIX of his Complaint.

32. Grove hereby incorporates the allegations of rhetorical paragraphs 32 through 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XXXIX of his Complaint.

33. Grove hereby incorporates the allegations of rhetorical paragraphs 33 through 38 of Count XXXIII by reference as this rhetorical paragraph 33 of this Count XXXIX of his Complaint.

34. Grove hereby incorporates the allegations of rhetorical paragraphs 34 through 37 of Count XXXIV by reference as this rhetorical paragraph 34 of this Count XXXIX of his Complaint.

35. Grove hereby incorporates the allegations of rhetorical paragraphs 35 through 40 of Count XXXVII by reference as this rhetorical paragraph 35 of this Count XXXIX of his Complaint.

36. Grove hereby incorporates the allegations of rhetorical paragraphs 36 and 37 of Count XXXVIII by reference as this rhetorical paragraph 36 of this Count XXXIX of his Complaint.

37. FTG and agents of FTG, including, without limitation, Alan G. Symons and Scott J. Weaver, negligently misrepresented the facts and circumstances of the transaction in connection with the Transaction Documents; and, further, FTG and agents of FTG, including, without limitation, Alan G. Symons and Scott J. Weaver, negligently misrepresented its intent and capacity to fulfill its commitments in connection with the Transaction Documents.

38. As part of the negligent misrepresentations of FTG, FTG and agents of FTG, including, without limitation, Alan G. Symons and Scott J. Weaver, misrepresented the content of the Transaction Documents.

39. Grove relied upon the representations of FTG and agents of FTG, including, without limitation, Alan G. Symons and Scott J. Weaver.

### *Prayer for Relief*

40. ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, L.L.C., an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

    a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XXXIX; and,

    b.      A judgment invalidating the Employment Agreement; and,

    c.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

    d.      Such other relief as the Court may deem just and proper in the premises.

## COUNT XL: NEGLIGENT MISREPRESENTATION
### (AS AGAINST ALAN G. SYMONS)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XL of his Complaint and against Alan G. Symons, an Indiana resident alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XL of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XL of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XL of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XL of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XL of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XL of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XL of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XL of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XL of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XL of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XL of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XL of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XL of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XL of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XL of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XL of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XL of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XL of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XL of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XL of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XL of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XL of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XL of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XL of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XL of his Complaint.

26.     Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XL of his Complaint.

27.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XL of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XL of his Complaint.

29.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XL of his Complaint.

30.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XL of his Complaint.

31.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XL of his Complaint.

32.     Grove hereby incorporates the allegations of rhetorical paragraphs 32 through 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XL of his Complaint.

33.     Grove hereby incorporates the allegations of rhetorical paragraphs 33 through 38 of Count XXXIII by reference as this rhetorical paragraph 33 of this Count XL of his Complaint.

34.    Grove hereby incorporates the allegations of rhetorical paragraphs 34 through 37 of Count XXXIV by reference as this rhetorical paragraph 34 of this Count XL of his Complaint.

35.    Grove hereby incorporates the allegations of rhetorical paragraphs 35 and 36 of Count XXXV by reference as this rhetorical paragraph 35 of this Count XL of his Complaint.

36.    Grove hereby incorporates the allegations of rhetorical paragraphs 35 and 36 of Count XXXVI by reference as this rhetorical paragraph 36 of this Count XL of his Complaint.

37.    Grove hereby incorporates the allegations of rhetorical paragraphs 35 through 40 of Count XXXVII by reference as this rhetorical paragraph 37 of this Count XL of his Complaint.

38.    Grove hereby incorporates the allegations of rhetorical paragraphs 36 and 37 of Count XXXVIII by reference as this rhetorical paragraph 38 of this Count XL of his Complaint.

39.    Grove hereby incorporates the allegations of rhetorical paragraphs 37, 38 and 39 of Count XXXIX by reference as this rhetorical paragraph 39 of this Count XL of his Complaint.

40. Alan G. Symons negligently misrepresented the facts and circumstances of the transaction in connection with the Transaction Documents; and, further, Alan G. Symons negligently misrepresented the intent and capacity of FTG and himself to fulfill the commitments in connection with the Transaction Documents.

41. As part of the negligent misrepresentations, Alan G. Symons misrepresented the content of the Transaction Documents.

42. Grove relied upon the representations of Alan G. Symons.

### *Prayer for Relief*

43.    *WHEREFORE*, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Alan G. Symons, an Indiana resident, which judgment should include, without limitation, the following, *to wit:*

    a.    A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XL; and,

125

b.      A judgment invalidating the Employment Agreement; and,

c.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

d.      Such other relief as the Court may deem just and proper in the premises.

## COUNT XLI: NEGLIGENT MISREPRESENTATION
### (AS AGAINST SCOTT J. WEAVER)

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XLI of his Complaint and against Scott J. Weaver, an Indiana resident alleges and says:

1.      Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XLI of his Complaint.

2.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XLI of his Complaint.

3.      Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XLI of his Complaint.

4.      Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XLI of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XLI of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XLI of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XLI of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XLI of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XLI of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XLI of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XLI of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XLI of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XLI of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XLI of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XLI of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XLI of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XLI of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XLI of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XLI of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XLI of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XLI of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XLI of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XLI of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XLI of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XLI of his Complaint.

26.     Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XLI of his Complaint.

27.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XLI of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XLI of his Complaint.

29.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XLI of his Complaint.

30.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XLI of his Complaint.

31.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XLI of his Complaint.

32.     Grove hereby incorporates the allegations of rhetorical paragraphs 32 through 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XLI of his Complaint.

33.     Grove hereby incorporates the allegations of rhetorical paragraphs 33 through 38 of Count XXXIII by reference as this rhetorical paragraph 33 of this Count XLI of his Complaint.

34.     Grove hereby incorporates the allegations of rhetorical paragraphs 34 through 37 of Count XXXIV by reference as this rhetorical paragraph 34 of this Count XLI of his Complaint.

35.     Grove hereby incorporates the allegations of rhetorical paragraphs 35 and 36 of Count XXXV by reference as this rhetorical paragraph 35 of this Count XLI of his Complaint.

36.     Grove hereby incorporates the allegations of rhetorical paragraphs 35 and 36 of Count XXXVI by reference as this rhetorical paragraph 36 of this Count XLI of his Complaint.

37.     Grove hereby incorporates the allegations of rhetorical paragraphs 35 through 40 of Count XXXVII by reference as this rhetorical paragraph 37 of this Count XLI of his Complaint.

38.     Grove hereby incorporates the allegations of rhetorical paragraphs 36 and 37 of Count XXXVIII by reference as this rhetorical paragraph 38 of this Count XLI of his Complaint.

39.     Grove hereby incorporates the allegations of rhetorical paragraphs 37, 38 and 39 of Count XXXIX by reference as this rhetorical paragraph 39 of this Count XLI of his Complaint.

40.     Scott J. Weaver negligently misrepresented the facts and circumstances of the transaction in connection with the Transaction Documents; and, further, Scott J. Weaver negligently misrepresented the intent and capacity of FTG and himself to fulfill the commitments in connection with the Transaction Documents.

41.     As part of the negligent misrepresentations, Scott J. Weaver misrepresented the content of the Transaction Documents.

42.     Grove relied upon the representations of Scott J. Weaver.

*Prayer for Relief*

43.    **WHEREFORE**, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court
enter a judgment in his favor and against the defendant, Scott J. Weaver, an Indiana resident, which
judgment should include, without limitation, the following, *to wit:*

    a.    A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained
as a result of the Conduct described in this Count XLI; and,

    b.    A judgment invalidating the Employment Agreement; and,

    c.    A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees,
expert witness fees, together with interest and cost of this suit; and,

    d.    Such other relief as the Court may deem just and proper in the premises.

## COUNT XLII: VIOLATION OF INDIANA CODE 34-52-1-1

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of
counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this
Count XLII of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG")
alleges and says:

1.    Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference
as this rhetorical paragraph 1 of this Count XLII of his Complaint.

2.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference
as this rhetorical paragraph 2 of this Count XLII of his Complaint.

3.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by
reference as this rhetorical paragraph 3 of this Count XLII of his Complaint.

4.    Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by
reference as this rhetorical paragraph 4 of this Count XLII of his Complaint.

5.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XLII of his Complaint.

6.      Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count VI by reference as this rhetorical paragraph 6 of this Count XLII of his Complaint.

7.      Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XLII of his Complaint.

8.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XLII of his Complaint.

9.      Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XLII of his Complaint.

10.     Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XLII of his Complaint.

11.     Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XLII of his Complaint.

12.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XLII of his Complaint.

13.     Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XLII of his Complaint.

14.     Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XLII of his Complaint.

15.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XLII of his Complaint.

16.     Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XLII of his Complaint.

17.     Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XLII of his Complaint.

18.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XLII of his Complaint.

19.     Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XLII of his Complaint.

20.     Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XLII of his Complaint.

21.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XLII of his Complaint.

22.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XLII of his Complaint.

23.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XLII of his Complaint.

24.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XLII of his Complaint.

25.     Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XLII of his Complaint.

26.     Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XLII of his Complaint.

27.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XLII of his Complaint.

28.     Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by reference as this rhetorical paragraph 28 of this Count XLII of his Complaint.

29.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XLII of his Complaint.

30.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XLII of his Complaint.

31.     Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XLII of his Complaint.

32.     Grove hereby incorporates the allegations of rhetorical paragraphs 32 through 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XLII of his Complaint.

33.     Grove hereby incorporates the allegations of rhetorical paragraphs 33 through 38 of Count XXXIII by reference as this rhetorical paragraph 33 of this Count XLII of his Complaint.

34.     Grove hereby incorporates the allegations of rhetorical paragraphs 34 through 37 of Count XXXIV by reference as this rhetorical paragraph 34 of this Count XLII of his Complaint.

35.     Grove hereby incorporates the allegations of rhetorical paragraphs 35 and 36 of Count XXXV by reference as this rhetorical paragraph 35 of this Count XLII of his Complaint.

36.     Grove hereby incorporates the allegations of rhetorical paragraphs 35 and 36 of Count XXXVI by reference as this rhetorical paragraph 36 of this Count XLII of his Complaint.

37.     Grove hereby incorporates the allegations of rhetorical paragraphs 35 through 40 of Count XXXVII by reference as this rhetorical paragraph 37 of this Count XLII of his Complaint.

38.     Grove hereby incorporates the allegations of rhetorical paragraphs 36 and 37 of Count XXXVIII by reference as this rhetorical paragraph 38 of this Count XLII of his Complaint.

39.     Grove hereby incorporates the allegations of rhetorical paragraphs 37, 38 and 39 of Count XXXIX by reference as this rhetorical paragraph 39 of this Count XLII of his Complaint.

40.     Grove hereby incorporates the allegations of rhetorical paragraphs 40, 41 and 42 of Count XL by reference as this rhetorical paragraph 40 of this Count XLII of his Complaint.

41.     Grove hereby incorporates the allegations of rhetorical paragraphs 40, 41 and 42 of Count XLI by reference as this rhetorical paragraph 41 of this Count XLII of his Complaint.

42.     Grove is entitled to an award of attorney's fees and costs in connection with this Complaint and the Suit.

43.     The Suit constitutes an action that is frivolous, unreasonable or groundless as contemplated by Indiana Code, Section 34-52-1-1(b)(1).

44.     The defenses, other than admissions, of FTG in response to this Complaint constitute, in whole or in part, defenses that are frivolous, unreasonable or groundless as contemplated by Indiana Code, Section 34-52-1-1(b)(1).

45.     FTG has continued to litigate the Suit after such action became frivolous, unreasonable or groundless as contemplated by Indiana Code, Section 34-52-1-1(b)(2).

46.     FTG, to the extent it litigates defenses, other than admissions, constitutes, in whole or in part, the continued litigation of defenses that are frivolous, unreasonable or groundless as contemplated by Indiana Code, Section 34-52-1-1(b)(2).

47.     The Suit was brought by FTG in bad faith in violation of Indiana Code, Section 34-52-1-1(b)(3).

48.     The defenses, other than admissions, of FTG in response to this Complaint constitute, in whole or in part, defenses that are brought and maintained in bad faith in violation of Indiana Code, Section 34-52-1-1(b)(3).

### Prayer for Relief

49.     **WHEREFORE**, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, LLC, an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

a.      A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the Conduct described in this Count XLII; and,

b.      A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

c.    Such other relief as the Court may deem just and proper in the premises.

## COUNT XLIII: VIOLATION OF COBRA

*COMES NOW* the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and for this Count XLIII of his Complaint and against Fast Tek Group, LLC, an Indiana limited liability company ("FTG") alleges and says:

1.    Grove hereby incorporates the allegations of rhetorical paragraphs 1 through 77 of Count I by reference as this rhetorical paragraph 1 of this Count XLIII of his Complaint.

2.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count II by reference as this rhetorical paragraph 2 of this Count XLIII of his Complaint.

3.    Grove hereby incorporates the allegations of rhetorical paragraphs 2, 3, 4 and 5 of Count III by reference as this rhetorical paragraph 3 of this Count XLIII of his Complaint.

4.    Grove hereby incorporates the allegations of rhetorical paragraphs 4 through 16 of Count IV by reference as this rhetorical paragraph 4 of this Count XLIII of his Complaint.

5.    Grove hereby incorporates the allegations of rhetorical paragraph 5 of Count V by reference as this rhetorical paragraph 5 of this Count XLIII of his Complaint.

6.    Grove hereby incorporates the allegations of rhetorical paragraph 6 of Count VI by reference as this rhetorical paragraph 6 of this Count XLIII of his Complaint.

7.    Grove hereby incorporates the allegations of rhetorical paragraphs 7 through 11 of Count VII by reference as this rhetorical paragraph 7 of this Count XLIII of his Complaint.

8.    Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count VIII by reference as this rhetorical paragraph 8 of this Count XLIII of his Complaint.

9.    Grove hereby incorporates the allegations of rhetorical paragraphs 8 through 17 of Count IX by reference as this rhetorical paragraph 9 of this Count XLIII of his Complaint.

135

10. Grove hereby incorporates the allegations of rhetorical paragraphs 10, 11 and 12 of Count X by reference as this rhetorical paragraph 10 of this Count XLIII of his Complaint.

11. Grove hereby incorporates the allegations of rhetorical paragraphs 11 through 15 of Count XI by reference as this rhetorical paragraph 11 of this Count XLIII of his Complaint.

12. Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XII by reference as this rhetorical paragraph 12 of this Count XLIII of his Complaint.

13. Grove hereby incorporates the allegations of rhetorical paragraphs 12 through 16 of Count XIII by reference as this rhetorical paragraph 13 of this Count XLIII of his Complaint.

14. Grove hereby incorporates the allegations of rhetorical paragraphs 14 through 18 of Count XIV by reference as this rhetorical paragraph 14 of this Count XLIII of his Complaint.

15. Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XV by reference as this rhetorical paragraph 15 of this Count XLIII of his Complaint.

16. Grove hereby incorporates the allegations of rhetorical paragraphs 15 through 19 of Count XVI by reference as this rhetorical paragraph 16 of this Count XLIII of his Complaint.

17. Grove hereby incorporates the allegations of rhetorical paragraphs 17 through 20 of Count XVII by reference as this rhetorical paragraph 17 of this Count XLIII of his Complaint.

18. Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XVIII by reference as this rhetorical paragraph 18 of this Count XLIII of his Complaint.

19. Grove hereby incorporates the allegations of rhetorical paragraphs 18 through 21 of Count XIX by reference as this rhetorical paragraph 19 of this Count XLIII of his Complaint.

20. Grove hereby incorporates the allegations of rhetorical paragraphs 20 through 23 of Count XX by reference as this rhetorical paragraph 20 of this Count XLIII of his Complaint.

21. Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXI by reference as this rhetorical paragraph 21 of this Count XLIII of his Complaint.

22. Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXII by reference as this rhetorical paragraph 22 of this Count XLIII of his Complaint.

23. Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIII by reference as this rhetorical paragraph 23 of this Count XLIII of his Complaint.

24. Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXIV by reference as this rhetorical paragraph 24 of this Count XLIII of his Complaint.

25. Grove hereby incorporates the allegations of rhetorical paragraphs 21 through 24 of Count XXV by reference as this rhetorical paragraph 25 of this Count XLIII of his Complaint.

26. Grove hereby incorporates the allegations of rhetorical paragraphs 26 through 44 of Count XXVI by reference as this rhetorical paragraph 26 of this Count XLIII of his Complaint.

27. Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVII by reference as this rhetorical paragraph 27 of this Count XLIII of his Complaint.

28. Grove hereby incorporates the allegations of rhetorical paragraphs 27 through 31 of Count XXVIII by   .
reference as this rhetorical paragraph 28 of this Count XLIII of his Complaint

29. Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXIX by reference as this rhetorical paragraph 29 of this Count XLIII of his Complaint.

30. Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXX by reference as this rhetorical paragraph 30 of this Count XLIII of his Complaint.

31. Grove hereby incorporates the allegations of rhetorical paragraphs 29 through 31 of Count XXXI by reference as this rhetorical paragraph 31 of this Count XLIII of his Complaint.

32. Grove hereby incorporates the allegations of rhetorical paragraphs 32 through 35 of Count XXXII by reference as this rhetorical paragraph 32 of this Count XLIII of his Complaint.

33. Grove hereby incorporates the allegations of rhetorical paragraphs 33 through 38 of Count XXXIII by reference as this rhetorical paragraph 33 of this Count XLIII of his Complaint.

34. Grove hereby incorporates the allegations of rhetorical paragraphs 34 through 37 of Count XXXIV by reference as this rhetorical paragraph 34 of this Count XLIII of his Complaint.

35. Grove hereby incorporates the allegations of rhetorical paragraphs 35 and 36 of Count XXXV by reference as this rhetorical paragraph 35 of this Count XLIII of his Complaint.

36. Grove hereby incorporates the allegations of rhetorical paragraphs 35 and 36 of Count XXXVI by reference as this rhetorical paragraph 36 of this Count XLIII of his Complaint.

37. Grove hereby incorporates the allegations of rhetorical paragraphs 35 through 40 of Count XXXVII by reference as this rhetorical paragraph 37 of this Count XLIII of his Complaint.

38. Grove hereby incorporates the allegations of rhetorical paragraphs 36 and 37 of Count XXXVIII by reference as this rhetorical paragraph 38 of this Count XLIII of his Complaint.

39. Grove hereby incorporates the allegations of rhetorical paragraphs 37, 38 and 39 of Count XXXIX by reference as this rhetorical paragraph 39 of this Count XLIII of his Complaint.

40. Grove hereby incorporates the allegations of rhetorical paragraphs 40, 41 and 42 of Count XL by reference as this rhetorical paragraph 40 of this Count XLIII of his Complaint.

41. Grove hereby incorporates the allegations of rhetorical paragraphs 40, 41 and 42 of Count XLI by reference as this rhetorical paragraph 41 of this Count XLIII of his Complaint.

42. Grove was employed for purposes of the Consolidated Omnibus Budget Reconciliation Act ("COBRA") health benefit provisions by FTG until July 22, 2005

43. On August, 5, 2005, FTG delivered an election notice to Grove by regular mail.

44. Grove, through his counsel, attorney Bradley K. Thomas of the law firm Thomas & Hardy, LLP, delivered his election of COBRA continuation coverage, together with an enrollment application and payment.

45. The payment by Grove was deposited by FTG.

46. Neither the enrollment application nor the payment were ever delivered to the insurance provider (specifically, Anthem).

47. As a result of the failure and refusal of FTG to deliver the enrollment application, notice of election of COBRA continuation coverage, and/or payment to Anthem, Grove's benefits were terminated.

48. The benefits which would otherwise have been afforded Grove were terminated by Anthem on September 30, 2005.


### *Prayer for Relief*

49. ***WHEREFORE***, the plaintiff, Phillip Wayne Grove, an Indiana resident, respectfully requests the Court enter a judgment in his favor and against the defendant, Fast Tek Group, LLC, an Indiana limited liability company, which judgment should include, without limitation, the following, *to wit:*

   a.   A judgment awarding Phillip Wayne Grove compensation for damages which he has sustained as a result of the conduct described in this count XLIII, and specifically awarding benefits due under the Anthem plan;

   Judgment clarifying the rights of Grove to future benefits; and

   b.   A judgment awarding Phillip Wayne Grove his reasonable attorney's fees, accountant's fees, expert witness fees, together with interest and cost of this suit; and,

   c.   Such other relief as the Court may deem just and proper in the premises.


### COUNT XLIII: JURY TRIAL DEMAND

***COMES NOW*** the plaintiff, Phillip Wayne Grove ("Grove"), by counsel, Attorney Ralph E. Dowling, of counsel to the Montel Law Firm, P.C., and attorney Joseph J. Montel of the Montel Law Firm, P.C., and respectfully request the above captioned case of action against Fast Tek Group, LLC, an Indiana limited liability company, AGS Capital, Inc., an Indiana corporation, AGS Capital, LLC, an Indiana limited liability company, SAW Capital, a putative Indiana limited liability company, Alan G. Symons, an Indiana resident, and Scott J. Weaver, an Indiana resident, be tried by a jury.

Respectfully Submitted,
**The Montel Law Firm, P.C.**

By:  Joseph J. Montel, Attorney
Indiana Supreme Court No. 17084-49
Post Office Box 3970
Carmel, Indiana 46082
Telephone:  (317) 733-0400
Fax: (317) 733-0900


By: Ralph E. Dowling, Of Counsel
Indiana Supreme Court No. 17702-49
3620 North Everbrook Lane
Suite A
Muncie, Indiana 47304
Telephone:  (765) 288-6185
Fax:  (765) 288-8655

*1-05-141-010306-Complaint*